Argued October 20; affirmed November 10, 1942

# HOTELLING *v.* WALTHER

(130 P. (2d) 944)

Before KELLY, Chief Justice, and BELT, BAILEY, LUSK, RAND, ROSSMAN and BRAND, Associate Justices.

*Frank S. Senn*, of Portland (Senn & Recken and Robert L. Recken, all of Portland, on the brief), for appellant.

*John F. Conway*, of Portland (Henry G. Kreis, of Portland, on the brief), for respondent.

BELT, J. This action was commenced on September 30, 1940, to recover damages resulting from the alleged malpractice of the defendant, a duly licensed and practicing dentist in the city of Portland. The defendant is charged with negligence in that he failed to exercise due care in the extraction of a lower wisdom tooth and in the subsequent treatment thereof. More precisely, it is averred that the defendant only partially extracted the tooth, leaving broken parts of the roots thereof in the tooth socket and that he failed to exercise due care and skill in diagnosing the cause of the trouble.

At the conclusion of plaintiff's case in chief a motion for a judgment of involuntary nonsuit was allowed

on the ground that the cause of action was barred by the statute of limitations. Thereafter, the court set aside such judgment and granted plaintiff a new trial. Defendant appeals from the order granting a new trial.

On July 15, 1938, the defendant, pursuant to his contract of employment, extracted—or partially extracted—a wisdom tooth of the plaintiff. About ten days after the extraction, plaintiff returned to the defendant for further treatment as the tooth socket was infected and exuding much greenish pus. Plaintiff returned for treatment two or three times each month thereafter until October 20, 1939. During this period of time, plaintiff's condition—according to the evidence—became progressively worse. Defendant flushed out the infected area but never at any time took a radiograph to ascertain the cause of the trouble.

On October 20, 1939, plaintiff consulted another dentist who referred him to an X-ray dental specialist. An X-ray picture taken by Dr. H. C. Fixott disclosed two parts of the roots in a highly infected area surrounding the tooth socket. Thereafter Dr. Byron E. Loomis succeeded in extracting the broken parts of the tooth.

There is substantial evidence tending to show negligence on the part of the defendant. The sole question on this appeal is whether this action was commenced within two years after the "cause of action shall have accrued", as required by § 1-206 O. C. L. A. It is contended by defendant that the cause of action accrued when the tooth was extracted on July 15, 1938, or when the alleged wrong was committed. Plaintiff asserts that this case involves a continuous tort and, by reason thereof, the statute commenced to run when

the defendant ceased his negligent treatment, viz., on October 20, 1939. Counsel are agreed that the two-year period of limitation applies to this kind of case. The divergence of opinion arises over what constitutes the accrual of a cause of action. The answer to this question is determinative of this appeal.

We think the fallacy of appellant's position lies in assuming that no continuing tort is involved. Defendant's duty and obligation to his patient did not end upon the partial extraction of the tooth. True, the. mere fact in itself that the wisdom tooth was broken or crushed in extraction is not evidence of negligence. Dentists, like physicians and surgeons, are not guarantors of good results. The dentist is obliged only to exercise reasonable care and skill in the treatment of his patient. As to what constitutes reasonable care and skill—that is determined by the degree of care and skill ordinarily exercised by members of his own profession in similar places: *Patterson v. Howe*, 102 Or. 275, 202 P. 225; *Schamoni v. Semler*, 147 Or. 353, 31 P. (2d) 776.

The evidence in this case fails to disclose negligence in the original extraction of the tooth. It is common knowledge that an impacted wisdom tooth is difficult to extract and the operation often results in breaking parts of the roots. A dentist's work is not completed, however, by a partial extraction. The negligence here is really predicated upon the failure to exercise due care and skill in diagnosing the cause of plaintiff's trouble and in permitting the broken parts of the roots to remain in the tooth socket. Had defendant taken or procured an X-ray picture, it is reasonable to assume that there would have been no difficulty in diagnosing the case.

*Shives v. Chamberlain,* 168 Or. 676, 126 P. (2d) 28, decided June 16, 1942, is controlling. In that case the gravamen of plaintiff's cause of action was the alleged failure of the defendant specialist to diagnose and treat a case of glaucoma. The treatment extended over a year's time from month to month. It was urged there, as here, that the action was barred by the statute of limitations, but the court held:

> "This continued treatment, when shown to have been based upon a mistaken diagnosis and not of a character employed by the medical profession in dealing with cases of glaucoma, constituted a continuing tort causing the statute of limitations to start only when such treatment ceased."

There is no difference in principle between *Shives v. Chamberlain,* supra, and the instant case. True, the authorities elsewhere are not entirely in accord but that the conclusion reached by this court is supported by the better-reasoned decisions, see: *Peteler v. Robison,* 81 Utah 535, 17 P. (2d) 244; *Bowers v. Santee,* 99 Ohio St. 361, 124 N. E. 238; *Gillette v. Tucker,* 67 Ohio St. 106, 65 N. E. 865, 93 Am. St. Rep. 639; *Sly v. Van Lengen,* 120 Misc. Rep. 420, 198 N. Y. S. 608; *Silvertooth v. Shallenberger,* 49 Ga. App. 133, 174 S. E. 365; *Schmit v. Esser,* 183 Minn. 354, 236 N. W. 622, 74 A. L. R. 1312; *Williams v. Elias,* 140 Neb. 656, 1 N. W. (2d) 121; *Huysman v. Kirsch,* 6 Cal. (2d) 302, 57 P. (2d) 908. Cases where no continued subsequent treatment was rendered after operation are not in point.

Appellant relies strongly upon *Weinstein v. Blanchard,* 109 N. J. L. 332, 162 A. 601, but analysis of the decision shows that it is not applicable to the facts of this case. A surgeon left a drainage tube in the incision made in the patient's side after an operation

performed in August, 1909. Treatment ceased in January, 1910. Action was commenced on October 29, 1928. Plaintiff contended that the statute commenced to run from date of knowledge of the alleged negligence of the surgeon, but the court held otherwise. The court took cognizance of the fact that no continuous tort was involved.

In *Hughes v. Eureka Flint & Spar Co.*, 20 N. J. Misc. 314, 26 A. (2d) 567, an occupational disease resulting from the continued negligence of the employer was under consideration. The court held that the statute of limitations began to run from the last date of continuous employment.

In *Albert v. Sherman*, 167 Tenn. 133, 67 S. W. (2d) 140, relied upon by appellant, the court said:

"There is no averment that the plaintiff ever saw the defendant again after the tooth was extracted."

*Murray v. Allen*, 103 Vt. 373, 154 A. 678, is not in point. The court significantly said:

"The negligent act in the instant case was the omission to remove the sponge when the wound was closed, and this occurred more than three years before the action was brought. Even if there were negligence in the after treatment on the part of the defendant in failing to detect the presence of a foreign substance in the abdominal cavity, more than three years elapsed after the last examination by him before the institution of the action."

*Capucci v. Barone*, 266 Mass. 578, 165 N. E. 653, affords some support for the contention of the appellant but, at any rate, it is not in keeping with the rule announced in *Shives v. Chamberlain*, supra, nor with what we consider the proper rule.

█ The alleged negligent treatment of the plaintiff must be considered as a whole. Plaintiff was not obliged to split his cause of action. The continued negligent treatment constituted but a single cause of action. Where the tort is continuing, the right of action is continuing. In the instant case there was a continuing duty of the defendant to exercise due care and skill in diagnosing the cause of the infection surrounding the tooth socket. As was well said in *Peteler v. Robison,* supra:

"Here the defendant undertook to treat the plaintiff for a throat affliction. From the time he undertook to treat the case until he ceased to treat it he, as alleged, did so in a negligent and unskillful manner. As alleged, the treatments were not separate and distinct acts, separate and distinct causes of action. They constituted an entire course of treatment of a case undertaken by defendant to be treated by him, and the whole thereof constituted but one cause of action. Green v. Mich. Cent. R. Co., 168 Mich. 104, 133 N. W. 956, Ann. Cas. 1913C, 98, and notes on page 101. From the averments of the complaint, we think it should here be said, as was said in the case of Sly v. Van Lengen, supra, *that the tort was a continuing one,* and, where the tort is continuing, the right of action is also continuing." (Italics ours.)

The rule that the statute runs from the last date of the continuous negligent treatment is just and equitable. A rule to the contrary often results in miscarriage of justice and penalizes a patient who, under continuous treatment, assumes that due care and skill will be exercised. Some courts hold that it is a harsh rule which precludes an injured patient from maintaining an action at a time when it was impossible to know that any existed: *Huysman v. Kirsch,* supra.

The order granting a new trial is affirmed.