**Wilroy REID, Appellant,**

**v.**

**UNITED STATES of America, Appellee.**

**No. 15514.**

United States Court of Appeals Fifth Circuit.

June 30, 1955.

that X-ray films be taken of his chest and lungs; that such X-ray films were made and interpreted and revealed the fact that his right lung was infected with tubercular disease; that employees of the defendant who read such X-ray and interpreted such reading, negligently advised this plaintiff that no tubercular disease was present and no treatment or preventative measures should be taken; that, relying on the advice of defendant's employees, plaintiff, on March 7, 1949, returned to work for a period of approximately eleven months and received no medical treatment; and that he had no knowledge of defendant's negligence until a second series of X-rays were taken by defendant in February, 1950, which revealed that defendant's right lung was infected with tubercular disease in an advanced stage.

Defendant admitted: that plaintiff was, as he alleged, entitled to proper medical attention and treatment; that, as alleged, on March 7, 1949, an X-ray was requested by plaintiff and was taken, read, and interpreted by Dr. Peterson, who made a written radiographic report concerning it; that said report was handed to plaintiff on or about March 8, 1949; and that neither Dr. Lowe nor Dr. Peterson ever advised plaintiff in any manner after the month of March, 1949.

John C. Satterfield, Lee B. Agnew, Russel D. Moore, III., Jackson, Miss., for appellant. Satterfield, Shell, Williams & Buford, Travis & Moore, Agnew & Slaymaker, Jackson, Miss., of counsel.

Edwin R. Holmes, Jr., Asst. U. S. Atty., Robert E. Hauberg, U. S. Atty., Jackson, Miss., for appellee.

Before HUTCHESON, Chief Judge, JONES, Circuit Judge, and WRIGHT, District Judge.

HUTCHESON, Chief Judge.

Brought under the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346, 2401, 2671 et seq., the suit was for damages caused by the negligence of defendant. The claim was: that, entitled as an honorably discharged veteran and as a governmental employee to proper medical attention and treatment, he requested

It denied, however, that Peterson, Lowe, or any other government doctor had interpreted Dr. Peterson's X-ray report or advised plaintiff as to the meaning of it or the treatment to be taken, and that plaintiff was in any way misled as to, or prevented from discovering, the true facts. In addition, by way of pleas in bar, defendant pleaded: (1) the two year statute of limitation, set forth in 28 U.S.C. § 2401(b);[1] and (2) that plain-

---

I. "§ 2401. Time for commencing action against United States

    *      *      *      *      *

"(b) A tort claim against the United States shall be forever barred unless action is begun within two years after such claim accrues or within one year after the date of enactment of this amendatory sentence, whichever is later, or unless, if it is a claim not exceeding $1,000,

it is presented in writing to the appropriate Federal agency within two years after such claim accrues or within one year after the date of enactment of this amendatory sentence, whichever is later. If a claim not exceeding $1,000 has been presented in writing to the appropriate Federal agency within that period of time, suit thereon shall not be barred until the expiration of a period of six

tiff's alleged injury and damage were service connected and, having accepted the benefits of compensation therefor, he was barred from suing under the Tort Claims Act. It also filed a motion for summary judgment.

Plaintiff, opposing the motion, insisted that the suit was not barred because it was filed: (a) within less than six months after the denial of claims he had filed with the United States Employees Compensation Commission and the Veterans' Administration; (b) within two years after the date it was shown that the damages existed; and, that at any rate, the negligence of the defendant was not discovered until February 16, 1950, and the suit was filed within nineteen months thereafter.

The district judge, of the opinion that the suit was barred by the terms of the Tort Claims Act, Title 28 U.S.C. § 2401 (b), dismissed it with prejudice. Stating in his memorandum opinion that the Federal Employees Compensation Act, 5 U.S.C.A. § 751, et seq., did not bar him since he was not injured in the course of his employment, but that the provisions of Sec. 2401(b), that suit must be brought within two years after the claim accrued, did, he held that the claim accrued on March 7th or 9th, 1949, when the doctors negligently failed to advise him of his condition, and that the statute was not tolled by the filing of claim with the Employees Compensation Commission.

Appealing from the judgment, plaintiff is here insisting that the district judge erred because; (1) under the precise terms of Section 2675, Title 28, the Statute of Limitations could not commence to run until his claim had been denied by the agency; (2) his cause of action did not arise until the injury made itself manifest to him, and this was not until well within the two year period; and (3)

his action is not against particular persons for their particular acts, but against the United States for negligent treatment of him by its agents, and the cause of action did not accrue until the consequences of such negligence were, in the course of continuing treatment[2] discovered by the defendant and made known to plaintiff in February, 1950, after which he timely filed suit.

In support of the second and third of these claims, appellant, while citing other authorities, relies mainly upon the decision of the Supreme Court of the United States in Urie v. Thompson, 337 U.S. 163, 69 S.Ct. 1018, 93 L.Ed. 1282, 11 A. L.R.2d 277. There, in a suit under the Federal Employers' Liability Act, 45 U.S.C.A. § 51, et seq., for damages resulting from silicosis, as the result of inhaling silica dust, the court, reversing the Supreme Court of Missouri, held that in such case there is no point in time when the injury can be said to have occurred until the accumulated effects of the deleterious substance manifests itself.

Appellant, urging that this case and that are identical, there the injury was from silicosis, here from tuberculosis, insists that that case rules this one.

On its part, the United States, citing Deer v. New York Central, 7 Cir., 202 F. 2d 625, and McMahon v. United States, 342 U.S. 25, 72 S.Ct. 17, 96 L.Ed. 26, urges upon us that the cases are entirely different. In Urie's case, the negligence charged was the infliction of a bodily injury as a result of negligence in permitting the conditions from which the injury arose to exist, while here the claim is not that anything the United States did caused the injury but only that it failed to give plaintiff proper advice and warning, upon the basis of which helpful precautions could have been taken to minimize and arrest his disease.

months after either the date of withdrawal of such claim from the agency or the date of mailing notice by the agency of final disposition of the claim. June 25, 1948, c. 646, 62 Stat. 971, amended Apr. 25, 1949, c. 92, § 1, 63 Stat. 62".

2. Cf. Hotelling v. Walther, 169 Or. 559, 130 P.2d 944, 144 A.L.R. 205, note 144 A.L.R. III, at page 227 et seq.; 41 Am. Jur., "Physicians and Surgeons" Sec. 123, p. 233, 1954 Supplement p. 30.

Without at this time unduly laboring these supposed differences and without undertaking to finally determine whether the statute of limitation has or has not run, we find it sufficient to say that we think: that in principle the Urie and Hotelling cases control; that their application and the consequences thereof ought not to have been, they cannot be properly, determined in a summary judgment proceeding; and that the judgment must be reversed and the cause remanded for trial on its merits, in which all questions of liability and limitation will be open for trial anew.

The judgment is reversed and the cause is remanded for further and not inconsistent proceedings.