[No. 552-2. Division Two. November 29, 1971.]

GILBERT C. KOENIG et al., *Appellants,* v. GROUP HEALTH COOPERATIVE OF PUGET SOUND et al., *Respondents.*

*Jerry Schumm* and *Marrick, Hofstedt, Schumm & Lindsey,* for appellants.

*Gerald A. Palm* and *Williams, Lanza, Kastner & Gibbs,* for respondents.

ARMSTRONG, J.—This is an appeal from a summary judgment of dismissal entered upon the motion of defendants to a complaint for medical malpractice. Defendant contends and plaintiff concedes that plaintiff's claim against the doctor who performed the operation was barred by the statute of limitations, but plaintiff contends that the doctor was employed by Group Health Cooperative of Puget Sound and she received a continuous and uninterrupted course of treatment from other doctors employed by Group Health within the 3 years preceding the commencement of this action. It is conceded that Dr. Forland told plaintiff shortly after the operation, and 8 years before the commencement of this action, that he had removed a nerve which he thought was a tumor. Plaintiff concedes that there was no negligence in the treatment by other doctors at Group Health at any time and specifically within the 3 years preceding this accident.

For the first time in this state we are presented with the issue of whether the statute of limitations is tolled by a continuous course of nonnegligent treatment after the plaintiff has actual knowledge of a negligent operation.

Plaintiff relies primarily upon *Samuelson v. Freeman,* 75 Wn.2d 894, 454 P.2d 406 (1969). In that case the plaintiff did not claim negligence in the performance of the surgery but did claim negligence in the course of treatment. At page 900 the court stated:

> In construing the statute of limitations concerning medical malpractice, we think it a sound rule that, if malpractice is claimed *during* a continuous and substantially uninterrupted course of treatment for a particular illness or condition, the statute does not begin to run until the treatment for that particular illness or condition has been terminated. *Hotelling v. Walther,* 169 Ore. 559, 130 P.2d

944, 144 A.L.R. 205 (1942). *See* Annot., 80 A.L.R.2d 368 (1961).

(Italics ours.)

 Initially, we note that the use of the word "during" implies a continuing negligence. This interpretation is entirely consistent with the facts of that case because it was a case of negligent treatment and not negligent surgery.

Additionally, the authority cited for the holding of the court was *Hotelling v. Walther,* 169 Ore. 559, 130 P.2d 944, 144 A.L.R. 205 (1942). That case involved malpractice of a dentist in failing to diagnose and properly treat a patient who returned two or three times a month for over a year, during which time the condition became progressively worse. The court held that negligent diagnosis followed by continued negligent treatment constituted but a single cause of action; where a tort is continuing, the right of action as regards the statute of limitations is continuing.

We conclude that *Samuelson v. Freeman, supra,* is not authority for the proposition that the statute of limitations is tolled by a continuous course of nonnegligent treatment years after a complete disclosure of facts by the operating surgeon, which would put a reasonably prudent person on notice that the acts of the surgeon were negligent.

Plaintiff next cites *Fraser v. Weeks,* 76 Wn.2d 819, 456 P.2d 351 (1969). That was a per curiam opinion which reversed a granting of a summary judgment. In summarizing changes in the decisional law of our state, the court referred to the continuous and substantially uninterrupted course of treatment for the same condition rule in *Samuelson.* A review of the file, however, reveals that a continuous course of treatment tolling the statute of limitations was not an issue in that case.

We believe that there is a well recognized exception to the continuous course of treatment rule set forth in *Samuelson.* A clear and concise statement of that rule appears in *Waldman v. Rohrbaugh,* 241 Md. 137, 142, 215 A.2d 825, 828 (1966):

[I]f the facts show continuing medical or surgical treatment for a particular illness or condition in the course of which there is malpractice producing or aggravating harm, the cause of action of the patient accrues at the end of the treatment for that particular illness, injury or condition, unless the patient sooner knew or reasonably should have known of the injury or harm, in which case the statute would start to run with actual or constructive knowledge.

We conclude that since the patient had actual knowledge of the condition upon which negligence was predicated a continuous course of nonnegligent treatment will not toll the statute of limitations.

Our conclusion, which is based upon the rule of the *Waldman* case, is entirely consistent with the rationale of *Janisch v. Mullins*, 1 Wn. App. 393, 461 P.2d 895 (1969). In that case the Court of Appeals held that a cause of action for medical malpractice accrues, for the purpose of determining the commencement of a statute of limitation, when the negligence of the doctor is discovered or should have been discovered by the patient. The issue of a continuous and substantially uninterrupted course of treatment for the same condition was not presented but the principle remains the same—the important question is when the negligent act of the doctor is, or should have been discovered by a reasonably prudent patient.

The instant case has a limited impact because the legislature in the regular session 1971, chapter 80, amended RCW 4.16 by enacting a new section. This provides, in essence, that any malpractice action against a hospital or against a member of the healing arts shall be commenced within 3 years from the date of the alleged wrongful act, or 1 year from the time that plaintiff discovers the injury or condition caused by the wrongful act, whichever period of time expires last. This legislative enactment is also consistent with the rationale of this opinion.

Judgment affirmed.

PETRIE, C.J., and PEARSON, J., concur.