Argued and submitted June 29, affirmed September 9, 1987

CORNELL,
*Appellant,*

*v.*

MERCK & CO., INC. et al,
*Respondents.*

(A8512-08113; CA A41450)

742 P2d 667

Steven Sims, Portland, argued the cause for appellant. On the briefs was Daniel W. Brandt, Portland.

Peter Livingston, Portland, argued the cause for respondent Merck & Co., Inc. With him on the brief were William P. Buren and Wood, Tatum, Mosser, Brooke & Landis, Portland.

Emil Berg, Portland, argued the cause for respondent Baer. With him on the brief was Hallmark, Griffith & Keating, P.C., Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Plaintiff appeals the dismissal of his claims against two defendants, Baer and Merck. The trial court dismissed the medical malpractice claim against Baer on the Statute of Limitations. It dismissed the products liability claim against drug manufacturer Merck for failure to state a claim and also on limitations grounds.

Plaintiff seeks recovery for injuries he suffered as a result of the use of the drug Timoptic. He alleges that, from June, 1978, through November, 1984, he was a patient of Baer, an ophthalmologist, receiving treatment for his eyes. In July, 1980, Baer diagnosed glaucoma and prescribed Timoptic to treat it. Plaintiff alleges that, in November, 1984, he discovered that Timoptic caused various adverse side effects and that he suffered damages as a result of them. He sued Baer for malpractice, alleging that Baer had misdiagnosed glaucoma and had failed to warn plaintiff about the side effects of Timoptic. He also makes a products liability claim against Merck, the manufacturer of Timoptic, alleging that the drug is unreasonably dangerous because of the side effects. Plaintiff assigns error to the trial court's granting of both defendants' motions to dismiss.

The malpractice claim was dismissed for failure to bring the claim within the time limited by statute. ORS 12.110(4) provides:

> "An action to recover damages for injuries to the person arising from any medical * * * treatment * * * shall be commenced within two years from the date when the injury is first discovered or in the exercise of reasonable care should have been discovered. However, * * * every such action shall be commenced within five years from the date of the treatment * * * upon which the action is based * * *."

Plaintiff argues that his complaint is timely, because it alleges continuing treatment with misdiagnosis and prescription of Timoptic through 1984, so that there was a continuing tort which was not actionable until the treatment ended, or that each diagnosis and prescription was separately actionable, and that the Statute of Limitations runs separately as to each of Baer's allegedly negligent actions. Baer responds that the complaint does not allege continued treatment with misdiagnosis and prescription of Timoptic but only that the alleged

misdiagnosis and prescription occurred in July, 1980. Therefore, he argues that the five-year limitation had run before plaintiff filed the complaint.

■        The complaint alleges that, "[o]n or about July 21, 1980, the defendant Baer made a diagnosis of glaucoma for the plaintiff, and prescribed various prescription drugs in treatment therefor, including TIMOPTIC," and that in November, 1984, plaintiff discovered that Timoptic caused side effects. It further alleges that Baer treated him from June, 1978, through November, 1984. However, it does not allege that the diagnosis was made or Timoptic prescribed after July 21, 1980. Thus, although plaintiff has alleged that he did not discover that the drug caused side effects until 1984 and he filed his complaint in December, 1985, because ORS 12.110(4) provides that a medical malpractice action must be commenced within five years from the date of the treatment, the action is time-barred.

Plaintiff's second assignment of error challenges the dismissal of his products liability claim. The trial court granted Merck's motions to dismiss on the basis that the action is time-barred and that the complaint failed to state a claim. Although the parties rest their arguments exclusively on the Statute of Limitations issue, we will not address the arguments because, regardless of the outcome of that question, the trial court's alternative basis for the dismissal, that the complaint fails to state a claim, supports the dismissal.

■        In a products liability claim, the plaintiff must allege that the product was sold "in a defective condition unreasonably dangerous to the user or consumer * * *." ORS 30.920(1). The defective condition can be a "design, inspection, testing, manufacturing or other defect," ORS 30.900(1), a "failure to warn regarding a product," ORS 30.900(2), or a "failure to properly instruct in the use of a product." ORS 30.900(3); *see Restatement (Second) Torts* § 402A, *comment g*. Plaintiff alleged that Timoptic caused certain side effects, and that it was "unreasonably dangerous for use by reason of having dangerous and adverse side effects." He does not allege any manufacturing or design defect or that Merck failed to warn of the side effects or failed properly to instruct the consumer in the use of the drug. A drug manufacturer is not liable for damages caused solely by side effects. Plaintiff did not allege

any defective condition that made the product unreasonably dangerous, and he therefore failed to state a claim.

Affirmed.