Argued and submitted November 18, 1992, affirmed March 3, reconsideration denied April 28, petition for review allowed June 22, 1993 (317 Or 162)

Katherine LESCH,
*Appellant,*

*v.*

Peter DeWITT, M.D.
and Peter DeWitt, M.D., P.C.,
a professional corporation,
*Respondents.*

(9103-01890; CA A73351)

847 P2d 888

John Stanley Sather, Portland, argued the cause and filed the briefs for appellant.

Lindsey Hughes, Portland, argued the cause for respondents. With her on the brief were Karen V. Wiggins and Hallmark, Keating and Abbott, P.C., Portland.

Before Rossman, Presiding Judge, and De Muniz and Leeson,* Judges.

ROSSMAN, P. J.

---

* Leeson, J., *vice* Buttler, J., retired.

## ROSSMAN, P. J.

In this action for medical malpractice, commenced on March 27, 1991, plaintiff alleges that defendant negligently treated her for weight control from November, 1979, through November, 1987, by prescribing Fastin, an addictive amphetamine, and then by summarily terminating treatment on November 20, 1987, without informing her that she might be addicted to Fastin or treating her for possible addiction. She alleges that she did not discover the negligence until May 4, 1989, when she consulted a psychologist for depression.

The trial court ruled that recovery for any treatment before March 27, 1986, is barred by the five-year Statute of Ultimate Repose. It entered a judgment for defendant under ORCP 67B for allegations relating to treatment before that date. ORS 12.110(4).[1] Plaintiff contends that the claim is not barred as to conduct occurring before March 27, 1986, because it is one for "continuous treatment," a type of "continuous tort." Under the theory of continuous treatment, when treatment is ongoing, the entire course of treatment is considered to be a single action, and the claim accrues when treatment ceases. *See Hotelling v. Walther*, 169 Or 559, 565, 130 P2d 944 (1942); *Shives v. Chamberlain*, 168 Or 676, 685, 126 P2d 28 (1942). Plaintiff contends in essence that, in the context of a continuous tort, the Statute of Ultimate Repose does not begin to run until the claim has accrued.

We conclude that any claim brought on the continuous tort theory is subject to the five-year period of ultimate repose. Under the express terms of ORS 12.110(4), the ultimate repose period is *five years from the act or omission complained of.* It matters not when the claim has accrued, or

---

[1] ORS 12.110(4) provides:

"An action to recover damages for injury to the person arising from any medical, surgical or dental treatment, omission or operation shall be commenced within two years from the date when the injury is first discovered or in the exercise of reasonable care should have been discovered. However, notwithstanding the provisions of ORS 12.160, every such action shall be commenced within five years from the date of the treatment, omission or operation upon which the action is based or, if there has been no action commenced within five years because of fraud, deceit or misleading representation, then within two years from the date such fraud, deceit or misleading representation is discovered or in the exercise of reasonable care should have been discovered."

even *if* it has accrued.[2] The statute provides that *every* action for medical malpractice shall be commenced within five years from the date of the treatment, omission or operation upon which the action is based, regardless of the date the treatment ceased or the date on which the plaintiff discovered the alleged negligence. *See DeLay v. Marathon LeTourneau Sales*, 291 Or 310, 316, 630 P2d 836 (1981).

In *Cornell v. Merck & Co.*, 87 Or App 373, 742 P2d 667 (1987), we implicitly rejected the argument that the doctrine of "continuous treatment" tolls the Statute of Ultimate Repose. We do so expressly here. The result may be harsh in some cases, but we are bound by what the legislature has done. The statute is absolute, clear and dispositive. It makes no exception in this context. By its terms, it bars plaintiff from seeking recovery for damages due to treatment she received from defendant more than five years before the action was commenced. The trial court did not err.

Affirmed.

---

[2] Although the history of ORS 12.110(4) shows that the provisions for the accrual of a cause of action for medical malpractice and its ultimate repose have evolved together, they are distinct. In *Berry v. Branner*, 245 Or 307, 421 P2d 996 (1966), the defendant was alleged to have left a needle in the plaintiff's body. The court held that the plaintiff's action accrued when the plaintiff knew or reasonably should have known of the tort, and that the Statute of Limitations ran two years from the date of discovery of the negligence. In response to *Berry*, the legislature codified the discovery rule with regard to the accrual of claims involving "foreign substances." Or Laws 1967, ch 406, § 1. As amended, ORS 12.110(4) provided that the action was to be commenced within two years from the date when the injury is discovered; it also established an ultimate repose period of seven years, after which time no claim could be brought. As a part of the same legislation, the legislature enacted ORS 12.110(1), which provided a ten-year period of ultimate repose in actions other than medical negligence. Or Laws 1967, ch 406, § 2.

In *Frohs v. Greene*, 253 Or 1, 452 P2d 564 (1969), the court held that the discovery rule applies to all claims for medical malpractice. The legislature then amended ORS 12.110(4) to apply to all medical malpractice claims, not just to those involving foreign substances left in the body. Or Laws 1969, ch 642, § 1. In 1971, the legislature reduced the repose period from seven to five years, and provided for an exception not applicable here in the case of "fraud, deceit or misleading misrepresentation." Or Laws 1971, ch 473, § 1. In 1975, the legislature amended the statute to its present form by providing that the five-year period of repose is not subject to the tolling provisions for minority and disability found in ORS 12.160. Or Laws 1975, ch 796, § 10a.