249

Argued and submitted February 8, affirmed August 4, appellant's petition for reconsideration filed October 6 allowed by opinion November 3, 1993
See 124 Or App 405, 862 P2d 507 (1993)

Scott Alan McKECHNIE
and Cynthia Lynne McKechnie,
Guardians Ad Litem of their natural son,
Shawn A. McKechnie, a Minor,
and for themselves as individuals,
*Appellants,*

*v.*

Roger W. STANKE, M.D.,
Paul K. Wegehaupt, M.D.,
Richard J. Barsotti, M.D.,
Richard E. Cavalli, M.D.,
*Respondents,*

*and*

John A. CALCAGNO, M.D.,
and Suburban Medical Clinic,
*Defendants.*

(9104-01999; CA A75253)

857 P2d 870

Michael L. Williams, Portland, argued the cause for appellants. With him on the briefs were Robert S. Sola and Williams & Troutwine, Portland.

Nelson L. Walker, Oregon City, argued the cause for respondents. With him on the brief were Renee G. Wenger and Hibbard, Caldwell & Schultz, Oregon City.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

LANDAU, J.

## LANDAU, J.

In this action for medical malpractice, plaintiffs appeal from a summary judgment entered in favor of four of six defendants.[1] We affirm.

■ ■    We review a summary judgment to determine whether the moving party is entitled to judgment as a matter of law. ORCP 47C; *Seeborg v. General Motors Corporation*, 284 Or 695, 699, 588 P2d 1100 (1978). The moving party must establish that there are no genuine issues of material fact. *Park v. Hoffard*, 315 Or 624, 627, 847 P2d 852 (1993). We view the evidence in the light most favorable to the party opposing the motion. *Tolbert v. First National Bank*, 312 Or 485, 494, 823 P2d 965 (1991).

Plaintiffs appear as guardians *ad litem* for their minor son, Shawn. They also appear as plaintiffs "for themselves as individuals." Defendants are four physicians who are partners in a medical clinic. Over the course of eight years, beginning on November 15, 1982, plaintiffs took Shawn to see defendants many times with complaints of repeated urinary tract infections and pain in the groin, abdomen and hip areas. During each visit, Shawn was examined by one of the four defendants, all of whom worked from a common medical chart. During nearly every visit, one of defendants diagnosed Shawn's ailment as a temporary urinary tract infection. In November, 1990, plaintiffs took Shawn to another doctor and, later, to a urologist. Their diagnosis was that Shawn had a congenital defect in his urinary collection system, and that the failure to surgically correct this defect earlier had caused a number of complications to Shawn's renal system.

Plaintiffs commenced this action against defendants on March 26, 1991. They allege that, during the eight-year period of treatment, defendants were negligent in repeatedly failing to correctly diagnose and treat Shawn's condition. Although the complaint contains multiple specifications of negligence, none are made as to any particular defendant; the complaint alleges that all of the defendants were negligent in the same way, over the same period of time.

---

[1] The trial court entered final judgment in favor of the four defendants. ORCP 67B. The two remaining defendants, Calcagno and the Suburban Medical Clinic, are not parties to this appeal.

■    Defendants answered and raised as an affirmative defense what we have called the "five-year qualified statute of ultimate repose" found in ORS 12.110(4). *Jones v. Salem Hospital*, 93 Or App 252, 254, 762 P2d 303 (1988), *rev den* 307 Or 514 (1989). That statute provides in relevant part:

> "An action to recover damages for injuries to the person arising from any medical, surgical or dental treatment, omission or operation shall be commenced * * * within five years from the date of the treatment, omission or operation upon which the action is based." ORS 12.110(4).

Defendants moved for summary judgment on the basis of that statute. They argued that plaintiffs' claims were time-barred by ORS 12.110(4) to the extent that treatment occurred more than five years before the action was commenced. The trial court agreed and granted the motions.

Plaintiffs assign error to the trial court's decision on two grounds. First, they argue that the misdiagnosis that they have alleged constitutes a continuing tort, which did not accrue until defendants' treatment of Shawn ended. Because the last treatment occurred in 1989, they argue, the five-year statute of ultimate repose does not apply to their claim filed in 1991.

We rejected that argument in *Lesch v. DeWitt*, 118 Or App 397, 847 P2d 888, *rev allowed* 317 Or 162 (1993). There, the plaintiff alleged that the defendant physician had negligently treated her for a number of years, beginning nine years before she filed her complaint. The trial court held that ORS 12.110(4) barred recovery for injuries caused by any treatment provided more than five years before the filing of the complaint. On appeal, the plaintiff argued that the trial court had erred, because her claim was one for "continuous treatment," which she characterized as a type of "continuous tort." She argued that, when treatment is ongoing, the entire course of treatment is considered to be a single wrong, forming the basis for a claim that accrues when the treatment ceases. We disagreed:

> "[A]ny claim brought on the continuous tort theory is subject to the five-year period of ultimate repose. Under the express terms of ORS 12.110(4), the ultimate repose period is *five years from the act or omission complained of*. It matters not when the claim has accrued, or even *if* it has accrued. The

statute provides that *every* action for medical malpractice shall be commenced within five years from the date of the treatment, omission or operation upon which the action is based, regardless of the date the treatment ceased or the date on which the plaintiff discovered the alleged negligence." 118 Or App at 399-400. (Emphasis in original; footnote omitted; citation omitted.)

We find no reason to construe the statute differently in this case.

■ Plaintiffs' second ground for reversal is that, even if their claim is not a continuous tort, the five-year statute of ultimate repose was subject to a tolling provision of ORS 12.110(4), which provides that, when an action has not been commenced within the five-year period "because of fraud, deceit or misleading representation," the action must be commenced within two years of discovery of the fraud, deceit or misleading representation. According to plaintiffs, defendants' misdiagnoses of Shawn's condition constituted misleading representations, which they discovered less than two years before they filed their complaint. Plaintiffs are wrong.

The meaning of the term "misleading statements," as used in ORS 12.110(4), was first addressed in *Duncan v. Augter*, 286 Or 723, 596 P2d 555 (1979). In that case, a surgeon removed the plaintiff's gallbladder. During the operation, the surgeon also removed the plaintiff's appendix. Immediately after the operation, the surgeon informed the plaintiff of the appendectomy. Seven years later, the plaintiff still suffered abdominal pains. Additional surgery disclosed that a portion of her appendix had been left inside her body. The plaintiff sued the surgeon who had performed the appendectomy. When the defendant raised as a defense the five-year statute of ultimate repose, the plaintiff responded that the statute had been tolled by the defendant's misleading statement that he had removed all of her appendix.

The Supreme Court disagreed. It held that, when a misrepresentation is careless or innocent, as opposed to deliberate, it must concern "something other than the careful performance of the very treatment" that forms the basis of plaintiff's complaint in order to constitute a "misleading representation" within the meaning of ORS 12.110(4). 286

Or at 732. Otherwise, the court reasoned, the tolling provision for "misleading statements" would swallow entirely the five-year limitation with a simple allegation that a plaintiff relied on a doctor's mistaken, albeit sincere, assurance of successful treatment. Because the defendant's statement concerning the plaintiff's appendectomy was merely a "contemporaneous statement that [the defendant] had performed the act whose negligent performance is the gravamen of the complaint," the court held, the tolling provision for "misleading statements" did not apply. 286 Or at 733.

We applied the Supreme Court's reading of the tolling provision in ORS 12.110(4) in *Jones v. Salem Hospital, supra.* The plaintiff, a child, sued a number of doctors who participated in his delivery and post-delivery pediatric care. He brought his action for medical malpractice more than six years after the delivery, but he alleged that the five-year statute of ultimate repose was tolled by various "misleading statements" of the defendants. Among the alleged misleading statements were remarks by several of the defendants some time after the delivery that the plaintiff's mother had received good care and that the conduct of the defendants could not have contributed to the plaintiff's conditions. The plaintiff argued that the defendants' after-the-fact assurances constituted "misleading statements" within the meaning of ORS 12.110(4), because they were not "contemporaneous" with the negligent treatment. The trial court disagreed and granted a motion to dismiss on the basis of the five-year statute of ultimate repose.

We reversed. We held that the Supreme Court's use of the qualifier "contemporaneous" in describing the kinds of representations that are not "misleading statements" under ORS 12.110(4), means that non-contemporaneous representations may toll the statute of ultimate repose even if they concern the very treatment that constitutes the basis for the complaint:

> "[W]e must assume that the word 'contemporaneous,' which the court used at least twice in defining the representations which would not toll the statute, was deliberately chosen. It could only have been intended to distinguish between representations made in close proximity to the negligence and more remote ones.

"The more difficult question is *how* proximate to the event a representation must be to be contemporaneous. * * * We conclude that contemporaneousness ends when the maker of the representation knows or has reason to know information which he did not have at the time of the negligently performed procedure or its immediate aftermath and which reasonably indicates that something in the performance of or related to the procedure went wrong." *Jones v. Salem Hospital, supra,* 93 Or App at 265. (Emphasis in original.)

We held that whether a statement was contemporaneous with the alleged negligence is a question of fact. Because the plaintiffs had pleaded facts tending to show that the statements of some of the defendants were not contemporaneous with the treatment, we held that the allegations were sufficient to defeat the motions to dismiss made by those defendants.

Plaintiffs argue that defendants' statements are analogous to those alleged in *Jones*. According to plaintiffs, each time defendants examined Shawn, they had at their disposal Shawn's prior history of complaints and the record of previous treatment and diagnosis. That prior history, plaintiffs argue, constitutes the additional information we referred to in *Jones*, which should have made clear to defendants that their continued diagnoses of urinary tract infections were incorrect. Plaintiffs, however, misread *Jones* and ignore *Duncan*. The "additional information" that they argue provides the basis for tolling the statute of limitations is the same information that provides the basis for their allegations of negligence. In essence, they allege that defendants were negligent in failing to correctly diagnose and treat Shawn, in view of his recurring urinary tract infections and other repeated symptoms and complaints. At the same time, they argue that defendants made misleading representations — which should toll the statute of ultimate repose — by failing to correctly diagnose and treat Shawn, in view of his recurring urinary tract infections and other repeated symptoms and complaints. Thus, the misleading statements are, as in *Duncan*, identical to and contemporaneous with the very negligence that is the basis of plaintiffs' complaint.

The trial court correctly concluded that the tolling provision of ORS 12.110(4) does not bar application of the

five-year qualified statute of ultimate repose, and it did not err in granting summary judgment for defendants.

Affirmed.