Argued and submitted September 1, decision of the Court of Appeals vacated; appeal
dismissed and case remanded to the circuit court with instructions
September 30, 1993

## Katherine LESCH,
*Petitioner on Review,*

*v.*

## Peter DeWITT, M.D.,
## and Peter DeWitt, M.D., P.C.,
a professional corporation,
*Respondents on Review.*

(CC 9103-01890; CA A73351; SC S40124)

858 P2d 872

John Stanley Sather, Portland, argued the cause and filed
the petition for petitioner on review.

Lindsay H. Hughes, of Hallmark, Keating and Abbott, P.C., Portland, argued the cause and filed the response for respondents on review.

Dean Heiling, Portland, filed a brief for *amicus curiae* Oregon Trial Lawyers Association.

GILLETTE, J.

**GILLETTE, J.**

This is a medical negligence case in which plaintiff alleges that she suffered physical and psychological harm when defendant doctor negligently prescribed an addictive drug for her over a period of about eight years. The trial court dismissed that portion of plaintiff's claim that involved events that occurred more than five years before the date of plaintiff's complaint, on the ground that any such claim or portion thereof was barred by the applicable statute of ultimate repose, ORS 12.110(4).[1] On appeal from the resulting judgment, the Court of Appeals affirmed. *Lesch v. DeWitt*, 118 Or App 397, 847 P2d 888 (1993). We allowed review to address the important issue concerning the statute of ultimate repose that the case appeared to present. Incident to our allowing review, however, we noted a possible absence of jurisdiction. We now conclude that the trial court did not have authority to enter the "judgment" that it entered and, accordingly, neither the Court of Appeals nor this court has jurisdiction of the appeal from that "judgment." We therefore vacate the decision of the Court of Appeals, dismiss the appeal, and remand the case to the circuit court with instructions to vacate the judgment.

Plaintiff's complaint alleges that she consulted with defendant for a weight problem. Defendant prescribed (and continued to prescribe) an addictive amphetamine. Plaintiff alleges that prescribing that drug for treatment of her weight problem was negligent. She further alleges that defendant's negligence resulted in her becoming physically and psychologically addicted to the drug, that her condition

---

[1] ORS 12.110(4) provides:

"An action to recover damages for injuries to the person arising from any medical, surgical or dental treatment, omission or operation shall be commenced within two years from the date when the injury is first discovered or in the exercise of reasonable care should have been discovered. However, notwithstanding the provisions of [another statute not pertinent here], every such action shall be commenced within five years from the date of the treatment, omission or operation upon which the action is based or, if there has been no action commenced within five years because of fraud, deceit or misleading representation, then within two years from the date such fraud, deceit or misleading representation is discovered or in the exercise of reasonable care should have been discovered."

There is no contention in this case that the "fraud, deceit or misleading representation" clause is applicable.

went undiagnosed for a period of time after defendant suddenly discontinued treating her, and that she brought the present action after discovering the harm allegedly caused by defendant's negligence.

Relying on ORS 12.110(4), the medical malpractice statute of ultimate repose, defendant moved pursuant to ORCP 21 A for an order dismissing plaintiff's complaint "to the extent [that] it seeks recovery for treatment or conduct on the part of [defendant] occurring more than five years before this suit was commenced." The trial court granted defendant's motion and entered an order barring plaintiff "from seeking recovery for any damages that resulted from treatment rendered by defendant * * * prior to March 27, 1986," the date precisely five years before the date on which the present action was commenced. At plaintiff's request, the trial court then entered a "judgment" pursuant to ORCP 67 B to the effect that "all of Plaintiff's claims for alleged medical malpractice occurring prior to March 27, 1986 are barred."

Plaintiff argued both to the trial court and to the Court of Appeals that, under the doctrine of "continuous treatment," first recognized by this court in *Shives v. Chamberlain*, 168 Or 676, 685, 126 P2d 28 (1942), her alleged injury was the result of a single, ongoing tort committed by defendant and that, because she did not discover the cause of her resulting symptoms until some time after defendant ceased to treat her, the entire course of treatment was actionable. The trial court concluded that enactment of ORS 12.110(4) had impliedly repealed the doctrine of "continuous treatment." The Court of Appeals viewed the question in a slightly more limited way, stating:

> "We conclude that any claim brought on the continuous tort theory is subject to the five-year period of ultimate repose. Under the express terms of ORS 12.110(4), the ultimate repose period is *five years from the act or omission complained of*. It matters not when the claim has accrued, or even *if* it has accrued. The statute provides that *every* action for medical malpractice shall be commenced within five years from the date of the treatment, omission or operation upon which the action is based, regardless of the date the treatment ceased or the date on which the plaintiff discovered the alleged negligence."

*Lesch v. DeWitt, supra,* 118 Or App at 399-400 (footnote omitted; emphasis in original). That is, the Court of Appeals was of the view that, assuming that the concept of a "continuing tort" of medical malpractice was alive and well, the statute of ultimate repose in ORS 12.110(4) meant that no part of the damages resulting from such a tort that was alleged to have occurred more than five years before a complaint was filed could be recovered.

■■ As noted, this court allowed review to consider the foregoing question. We also were concerned, however, that the trial court might have misapplied the authority granted to it by ORCP 67 B to enter judgment as to fewer than all parties or claims in an action. We therefore directed a question to the parties as to the latter issue, which the parties addressed both by memoranda and at oral argument. We now conclude that the ORCP 67 B question is dispositive.

ORCP 67 B provides in part:

> "*When more than one claim for relief is presented* in an action, whether as a claim, counterclaim, cross-claim or third party claim, or when multiple parties are involved, *the court may direct the entry of a final judgment as to one or more but fewer than all of the claims* or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."

(Emphasis supplied.) Although significantly relaxing the traditional rule against piecemeal appeals, ORCP 67 B nonetheless contains requirements for valid intermediate, appealable judgments. *State ex rel Zidell v. Jones,* 301 Or 79, 95, 720 P2d 350 (1986). One is that an ORCP 67 B judgment cannot be entered unless it fully adjudicates at least one claim or all of the interests of at least one party. *May v. Josephine Memorial Hospital,* 297 Or 525, 530, 686 P2d 1015 (1984); *see also Dept. of Rev. v. Universal Foods Corp.,* 311 Or 537, 815 P2d 1237 (1991) (dismissing appeal of "judgment" entered under identical Oregon Tax Court rule on ground that Tax Court's "judgment" determined only a legal theory, not a claim for relief).

Under ORCP 67 B, it is clear that the trial court erred in entering judgment in this case. Plaintiff's complaint alleges only a single claim for a single, continuing course of treatment. Some of that course of treatment is alleged to have

occurred more than five years before the date of filing of plaintiff's complaint. Some allegedly occurred after. The trial court's judgment under review here disposed only of the earlier *portion* of the claim. Thus, a part of plaintiff's single alleged claim survives; the claim has not been adjudicated fully. No part of ORCP 67 B or any other statute or rule authorizes entry of a judgment in such circumstances. Therefore, the trial court's entry of a judgment in this case was not permissible, and an appeal from that judgment likewise was not permissible.

It follows from the foregoing that, instead of reaching the merits of the appeal in this case, the Court of Appeals should have dismissed the appeal as one not taken from a final, appealable judgment. The trial court should vacate its judgment, leaving the underlying order in place. *See May v. Josephine Memorial Hospital, supra,* 297 Or at 530 (illustrating appropriate disposition).

The decision of the Court of Appeals is vacated. The appeal is dismissed. The case is remanded to the circuit court with instructions to vacate the judgment.