On appellants' petition for reconsideration filed October 6, reconsideration allowed; opinion (122 Or App 249, 857 P2d 870) withdrawn; appeal dismissed and remanded with instructions to vacate judgment November 3, 1993

Scott Alan McKECHNIE
and Cynthia Lynne McKechnie,
Guardians Ad Litem of their natural son,
Shawn A. McKechnie, a Minor,
and for themselves as individuals,
*Appellants,*

*v.*

Roger W. STANKE, M.D.,
Paul K. Wegehaupt, M.D.,
Richard J. Barsotti, M.D.,
Richard E. Cavalli, M.D.,
*Respondents,*

*and*

John A. CALCAGNO, M.D.,
and Suburban Medical Clinic,
*Defendants.*

(9104-01999; CA A75253)

862 P2d 507

Robert S. Sola, Michael L. Williams and Williams & Trout-wine, P.C. for petition.

Renee G. Wenger, Nelson L. Walker and Hibbard, Cald-well & Schultz, *contra*.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

LANDAU, J.

## LANDAU, J.

Plaintiffs brought a claim for negligence based on defendants' alleged medical malpractice in failing to correctly diagnose and treat plaintiffs' son over an eight-year period. The trial court granted defendants' motion for summary judgment on the portions of plaintiffs' claim arising out of diagnosis and treatment that occurred more than five years before the date plaintiffs commenced this action, based on the five-year statute of ultimate repose. ORS 12.110(4). The trial court entered an ORCP 67B judgment, and we affirmed. 122 Or App 249, 857 P2d 870 (1993). Plaintiffs petition for Supreme Court review of our decision. We treat the petition as one for reconsideration, ORAP 9.15, allow it, withdraw our opinion, dismiss the appeal and remand to the trial court with instructions to vacate the judgment.

After our decision, the Supreme Court decided *Lesch v. DeWitt*, 317 Or 585, 858 P2d 872 (1993). In *Lesch*, the plaintiff alleged that the defendant had negligently pre-scribed an addictive drug for her over a period of eight years. The defendant moved to dismiss the claim as untimely under ORS 12.110(4). The trial court dismissed the portions of the claim arising out of treatment that occurred more than five years before the filing of the plaintiff's complaint and entered an ORCP 67B judgment. The Supreme Court vacated the ORCP 67B judgment. It held that trial courts lack authority to enter judgment on anything less than one whole claim or the portion of a claim that adjudicates the interests of at least one party. Because only a portion of the plaintiff's claim had been dismissed, the court held, entry of the ORCP 67B judgment had been improper, and both the Court of Appeals and the Supreme Court lacked jurisdiction to hear the appeal.

Precisely the same situation is presented in this case. The trial court's decision on defendants' motions for sum-mary judgment resulted in the dismissal of only a portion of plaintiffs' negligence claim. Neither a complete claim nor the complete interests of any single defendant were adjudicated. Therefore, as in *Lesch*, the trial court's entry of the ORCP 67B judgment was improper, and we lack jurisdiction to hear plaintiffs' appeal, because it was not taken from a final

appealable judgment. The trial court should vacate its judgment, leaving its underlying order in place. *See May v. Josephine Memorial Hospital*, 297 Or 525, 530, 686 P2d 1015 (1984).

Reconsideration allowed; opinion withdrawn; appeal dismissed; remanded with instructions to vacate judgment.