Argued and submitted May 17, 1993, appeal dismissed and remanded with instructions to vacate judgment February 16, 1994

## Daniel E. BEATY,
*Appellant,*

*v.*

## GRADY, HARPER & CARLSON, INC.,
*Respondent.*

(8912-07123; CA A77078)

868 P2d 778

J. Michael Alexander argued the cause for appellant. With him on the briefs was Burt, Swanson, Lathen, Alexander & McCann.

William Stockton argued the cause for respondent. With him on the brief were Barbara L. Johnston and Brisbee & Stockton.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

LANDAU, J.

### LANDAU, J.

Plaintiff appeals from a judgment entered after the trial court granted a motion for partial summary judgment entered in favor of defendant. On our own motion, we conclude that the trial court lacked authority to enter that judgment. Accordingly, we dismiss the appeal and remand with instructions to vacate the judgment.

Plaintiff asserts a single claim for negligence. He alleges that he was injured at work when he fell from a steel beam approximately 30-40 feet from the ground. He further alleges that defendant, the construction company that hired his employer as a subcontractor, is liable for those injuries because they resulted from defendant's failure to install and maintain safety nets. According to plaintiff, the failure to install safety nets violated both the Employers Liability Act (ELA), ORS 654.305 and ORS 654.310, and a safety regulation, OAR 437-03-040, promulgated under the Oregon Safe Employment Act, ORS 654.001 to ORS 654.295.

Defendant moved for partial summary judgment on plaintiff's "claim" that the ELA imposed liability. Plaintiff cross-moved for partial summary judgment "declaring that the employer's liability law is applicable." The trial court granted defendant's motion, denied plaintiff's and entered a "judgment" pursuant to ORCP 67B "on the issue of the applicability of the Employer's Liability Law." Plaintiff appeals from that "judgment."

In *Lesch v. DeWitt*, 317 Or 585, 858 P2d 872 (1993), the Supreme Court held that a judgment may be entered under ORCP 67B only if it "fully adjudicates at least one claim or all of the interests of at least one party." 317 Or at 589. In this case, the "judgment" entered by the trial court did not satisfy either requirement. On its face, it determined an *issue* only, namely the applicability of the ELA to plaintiff's negligence claim. Plaintiff did not separately allege an "ELA claim." He alleged as separate bases for his single negligence claim defendant's violation of the standard of care imposed by the ELA, *see Sacher v. Bohemia, Inc.*, 302 Or 477, 481, 731 P2d 434 (1987), and defendant's violation of a safety regulation promulgated by the Oregon Safe Employment Act.

Plaintiff's negligence claim remains less than fully adjudicated, as do the interests of defendant. Therefore, the trial court lacked the essential predicate for entering a final, appealable judgment. The "judgment" that it did enter was impermissible, and the appeal from that "judgment" likewise was not permissible. The trial court should vacate its judgment, leaving the underlying order in place. *Lesch v. DeWitt, supra*, 317 Or at 590.

Appeal dismissed; remanded with instructions to vacate judgment.