Argued and submitted November 15, 1995, affirmed June 19, 1996

Christopher URBICK, a minor,
by his Guardian Ad Litem,
Sandra Urbick,
*Appellant,*

*v.*

SUBURBAN MEDICAL CLINIC, INC.,
an Oregon corporation,
Paul K. Wegehaupt, M.D., and Robert Heffernan, M.D.,
dba Broadway Medical Clinic,
*Defendants,*

*and*

Sarojini S. BUDDEN, M.D., and
Emanuel Hospital & Health Center,
an Oregon non-profit corporation,
*Respondents.*

(9203-01851; CA A85833)

918 P2d 453

Gary Bisaccio argued the cause for appellant. On the brief was Frank J. Susak.

Renee G. Wenger argued the cause for respondent Sarojini S. Budden, M.D. With her on the brief were Nelson L. Walker and Hibbard Caldwell & Schultz.

Lindsey H. Hughes argued the cause for respondent Emanuel Hospital & Health Center. With her on the brief was Hallmark Keating & Abbott, P.C.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LANDAU, J.

## LANDAU, J.

Plaintiff[1] appeals a judgment dismissing as untimely his claim for medical malpractice arising out of a course of continuous treatment that occurred more than five years before the filing of the complaint. We affirm.

The facts pertinent to the appeal are undisputed. Plaintiff was born on November 11, 1983. From very early on in his development, he exhibited delayed development in his gross motor skills. His primary pediatric physician referred him to defendant Budden, who worked in defendant Emanuel Hospital and Health Center's Child Development Program.[2] Budden initially examined plaintiff on August 13, 1984. Budden later examined plaintiff on two other occasions, on November 20, 1984 and on September 29, 1987. In the course of those three visits, Budden diagnosed plaintiff with a variety of conditions. Not among the diagnoses, however, was aqueductal stenosis, which produces hydrocephalus.

On January 18, 1991, another physician diagnosed plaintiff as suffering from aqueductal stenosis and hydrocephalus from birth. As a result of his condition, plaintiff suffered permanent brain damage.

On March 19, 1992, plaintiff filed a complaint in this action, alleging that defendants had failed to properly diagnose plaintiff's condition. Relying on the five-year statute of ultimate repose for medical malpractice actions, ORS 12.110(4), defendants moved to dismiss the complaint to the extent that it alleged negligence occurring more than five years before the filing of the complaint. The trial court granted the motion and entered judgment dismissing all portions of the complaint predicated on conduct that occurred more than five years before the complaint was filed.

Plaintiff appealed that judgment. Shortly thereafter, the Supreme Court decided *Lesch v. DeWitt*, 317 Or 585, 589-90, 858 P2d 872 (1993), in which it held that an

---

[1] Plaintiff, a minor, appears by his guardian *ad litem*.

[2] Defendants Suburban Medical Clinic, Inc., Paul K. Wegehaupt, M.D., and Robert Heffernan, M.D., are not parties to the appeal.

appeal may not be taken from a judgment that disposes of less than an entire claim against a party. Plaintiff voluntarily dismissed his appeal. Defendants then moved for summary judgment as to the remaining portions of the complaint that alleged conduct occurring less than five years from the filing of the complaint. The trial court granted the motion and entered judgment for defendants on all of the claims. Plaintiff appeals that judgment. His assignment of error, however, is limited to the trial court's decision on defendants' motion to dismiss as untimely all portions of the complaint predicated on conduct occurring more than five years from the filing of the complaint.

■　　　Plaintiff argues that the trial court erred in ruling that the five-year statute of ultimate repose, ORS 12.110(4), bars recovery for any medical malpractice that occurred more than five years before the filing of the complaint. According to plaintiff, the court's ruling is contrary to the "continuing treatment" doctrine, under which a claim for medical malpractice "does not even arise until termination of the full course of treatment." *See Hotelling v. Walther*, 169 Or 559, 563, 565, 130 P2d 944 (1942); *Shives v. Chamberlain*, 168 Or 676, 685, 126 P2d 28 (1942). Plaintiff contends that the "continuing treatment" doctrine survives unaffected by the enactment of the statute of ultimate repose, because the statute did not expressly repeal it.

　　　Defendants contest the continued existence of a "continuing treatment" doctrine. According to defendants, there is a "continuing tort" doctrine, but it has never been applied to medical malpractice actions, at least not since the enactment of the discovery rule provision of the statute of limitations for medical malpractice actions that is contained in ORS 12.110(4). In any event, defendants argue, the existence of such a doctrine is beside the point, because ORS 12.110(4), by its plain and unambiguous terms, establishes a period of ultimate repose that applies regardless of when a claim might otherwise accrue for statute of limitations purposes.

■　　　The disposition of the parties' arguments requires us to construe the terms of ORS 12.110(4). We do so as a matter of law, examining the text in context and, if necessary, the

legislative history and other aids to construction. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993). In construing the statute, we are constrained neither to ignore language that the legislature has included nor to include language that the legislature has omitted. ORS 174.010; *Deluxe Cabinet Works v. Messmer*, 140 Or App 548, 553, 915 P2d 1053 (1996); *Fernandez v. Board of Parole*, 137 Or App 247, 251-52, 904 P2d 1071 (1995). Our charge is to fairly construe the language that the legislature has enacted, in accordance with its apparent intentions. *Id.*

■        ORS 12.110(4) provides:

> "An action to recover damages for injuries to the person arising from any medical * * * treatment, omission or operation shall be commenced within two years from the date when the injury is first discovered or in the exercise of reasonable care should have been discovered. *However, * * * every such action shall be commenced within five years from the date of the treatment, omission or operation upon which the action is based* or, if there has been no action commenced within five years because of fraud, deceit or misleading representation, then within two years from the date of such fraud, deceit or misleading representation is discovered or in the exercise of reasonable care should have been discovered."

(Emphasis supplied.) The relevant portions of the text of the statute establish that every action to recover damages arising from medical treatment, omission or operation shall be commenced within five years of the date of the treatment, omission or operation upon which the action is based. The triggering event for the five-year period of ultimate repose is "the date of the treatment, omission or operation upon which the action is based." The statute makes no mention of any events that toll the running of the period of ultimate repose after the date of treatment, omission or operation, unless fraud, deceit or misleading misrepresentation prevents timely filing. In other words, in the absence of fraud, deceit or misleading representation, the five-year period is absolute.

In that light, it becomes clear that plaintiff's arguments, based on a theory of "continuing treatment," are indeed beside the point. *Shives* and *Hotelling*, on which plaintiff relies as authority for the "continuing treatment"

doctrine, demonstrate as much. Both invoked the doctrine to determine when a claim "accrued" within the meaning of the applicable statute of limitations.[3] At the time both cases were decided, a statute of ultimate repose for medical malpractice cases did not even exist.

We have twice before reached the same conclusion with respect to the construction of ORS 12.110(4) and its relationship to a "continuing treatment" theory of accrual. In *Lesch v. DeWitt*, 118 Or App 397, 399-400, 847 P2d 888, *vacated* 317 Or 585, 858 P2d 872 (1993), we held that

> "any claim brought on the continuous tort theory is subject to the five-year period of ultimate repose. Under the express terms of ORS 12.110(4), the ultimate repose period is *five years from the act or omission complained of.* It matters not when the claim has accrued, or even *if* it has accrued."

(Emphasis in original.) Similarly, in *McKechnie v. Stanke*, 122 Or App 249, 252-53, 857 P2d 870, *opinion withdrawn on recons* 124 Or App 405, 862 P2d 507 (1993), we followed *Lesch* and affirmed the dismissal of the portions of a "continuing misdiagnosis" claim that arose out of treatment that occurred more than five years before the filing of the complaint.

3.     Those opinions, however, were either vacated or withdrawn in the light of the Supreme Court's decision in *Lesch* that judgments disposing of less than an entire claim against a party are not appealable. *Lesch*, 317 Or at 589-90. As a result, they are not "authority" in the sense that they control our construction of ORS 12.110(4). Nevertheless, we reach the same conclusion with respect to the same statute once again and, in this case, rely on the reasoning applied in those cases.

Affirmed.

---

[3] At the time both *Hotelling* and *Shives* were decided, the statute of limitations, O.C.L.A. section 1-206, provided that an action for any injury to the person or rights of another must be brought "[w]ithin two years." The statute did not specify within two years of what event. The court held that, under the continuing tort theory, the statute began to run in cases of continuous negligent treatment from the last date of treatment. *Hotelling*, 169 Or at 563-65; *Shives*, 168 Or at 685.