Argued and submitted January 26, reversed and remanded August 8, 1984

MAY,
*Petitioner on Review,*

*v.*

JOSEPHINE MEMORIAL HOSPITAL,
INC. et al,
*Defendants,*
JUDY et al,
*Respondents on Review.*

(TC 80-1585-L; CA A26292; SC S30105)

686 P2d 1015

Robert L. Cowling, Medford, argued the cause for petitioner on review. With him on the briefs were H. Scott Plouse, Patrick Ford, P.C. and Cowling and Heysell, Medford.

Thomas C. Howser, Ashland, argued the cause for respondents on review William Judy and Jon Gove. With him on the briefs were Judith H. Uherbelau and Cottle and Howser, P.C., Ashland.

Peter R. Chamberlain, Portland, argued the cause for respondents on review Kermit Ragain and Robin Ballantyne. With him on the brief was Bodyfelt, Mount, Stroup and Chamberlain, Portland.

CARSON, J.

## CARSON, J.

■ The issue this case presents is whether an appeal can be dismissed because the trial court failed to articulate the reasons for its "express determination that there is no just reason for delay" when it directed entry of a judgment, pursuant to ORCP 67 B.[1] We hold that ORCP 67 B. does not require the trial court to state the reasons for its express determination that there is "no just reason for delay" in entering a judgment and further that this decision is not reviewable on direct appeal.

■ Plaintiff brought a medical malpractice action against defendant hospital and eight medical doctors alleging negligent care and consultation resulting in spinal cord injury and paraplegia. Four defendant doctors filed motions for summary judgment with supporting affidavits and excerpts from depositions taken in the case. At the hearing on their motions, plaintiff's attorney submitted an affidavit in opposition to defendants' motions for summary judgment, averring that an unidentified expert witness had been retained who would testify that the movants breached the applicable standard of care in providing radiology services. Plaintiff declined to disclose the identity of his expert witness, arguing that the summary judgment motions filed by defendants were being improperly used as discovery tools contrary to what was, at that time, a proposed amendment to ORCP 47.[2] In his

---

[1] ORCP 67 B. provides:

"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

[2] ORCP 47 E. became effective January 1, 1984, pursuant to Oregon Laws 1983, chapter 751, section 1, well after the trial court entered the judgment herein in 1982. It provides:

"Motions under this rule are not designed to be used as discovery devices to obtain the names of potential expert witnesses or to obtain their facts or opinions. If a party, in opposing a motion for summary judgment, is required to provide the opinion of an expert to establish a genuine issue of material fact, an affidavit of the

memorandum in opposition to defendants' motions for summary judgment, plaintiff stated that he was prepared to submit an affidavit from the qualified expert containing statements sufficient to establish a genuine issue of material fact. Apparently because no opposing affidavit creating an issue of fact was filed prior to the day of the hearing, as required by ORCP 47 C.,[3] the trial court granted defendants' summary judgment motions and signed a "judgment order"[4] prepared by defendants stating in pertinent part: "The Court * * * expressly finds that there is no just reason for delay of entry of judgment and expressly directs entry of judgment in favor of defendants * * *."

Plaintiff appealed the judgment and the Court of Appeals dismissed the appeal on its own motion because the trial court failed to state reasons supporting its determination that there was "no just reason for delay" of entry of judgment and because such reasons were not "apparent on the record," relying on *Portland Elec. & Plumb. v. Cooke,* 51 Or App 555, 626 P2d 397, *rev den* 291 Or 117 (1981). The Court of Appeals announced that if reasons for the entry of a judgment were not expressly stated by the trial court, it would no longer conduct a thorough evaluation of the record to determine whether the

party's attorney stating that an unnamed qualified expert has been retained who is available and willing to testify to admissible facts or opinions creating a question of fact, will be deemed sufficient to controvert the allegations of the moving party and an adequate basis for the court to deny the motion. The affidavit shall be made in good faith based on admissible facts or opinions obtained from a qualified expert who has actually been retained by the attorney who is available and willing to testify and who has actually rendered an opinion or provided facts which, if revealed by affidavit, would be a sufficient basis for denying the motion for summary judgment."

[3] ORCP 47 C. provides:

"The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party, prior to the day of the hearing, may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. * * *"

[4] The phrase "judgment order" used by the trial court in this case is a contradiction in terms and should not be used. In the context of the Oregon Rules of Civil Procedure, a "judgment" is the "final determination of the rights of the parties in an action." An order is "any other determination * * * which is intermediate in nature." ORCP 67 A. Thus, a judgment is distinct from an order and confusion arises when the two terms are used together. *See Cenci v. The Ellison Co.,* 289 Or 603, 606, 617 P2d 254 (1980).

reasons for that determination were "apparent."[5] *May v. Josephine Memorial Hospital,* 64 Or App 672, 675, 669 P2d 824 (1983). We accepted review to clarify the trial court's duties with respect to ORCP 67 B. and to determine whether the trial court's determination that there is "no just reason for delay" of entry of judgment is reviewable. For the reasons discussed below, we reverse.

According to ORCP 47 G.,[6] a summary judgment in an action involving multiple parties or multiple claims is not a final judgment unless it is entered in compliance with ORCP 67 B. ORCP 67 B. states that any order or other form of decision settling less than all the claims, or dismissing fewer than all the parties, in a multiple claim or multiple party action, is not a final judgment unless the trial court makes an express determination that there is no just reason for delay and expressly directs entry of judgment. Absent such a determination and direction, the order or decision does not terminate the action as to any of the claims or parties and it is subject to revision at any time before the entry of judgment determining all the claims and the rights and liabilities of all the parties.

In *Industrial Leasing Corp. v. Van Dyke,* 285 Or 375, 591 P2d 352 (1979), the only case wherein this court previously has construed ORCP 67 B. or its predecessor, former ORS 18.125(1), we held that the statutory language of ORS

---

[5] In the instant case, the Court of Appeals' expressed rationale was to promote judicial economy. However, as we understand the ruling, it sets a potential trap for parties who have judgments entered against them because if the trial court states there is "no just reason for delay" and directs entry of judgment as to some parties or claims, but expresses no reasons for its determination, the parties will be required to guess whether the reasons are "apparent on the record." If a party appeals immediately and the Court of Appeals determines that the reasons are not apparent, the appeal will be dismissed as premature; if the party waits until the conclusion of the case to appeal, he or she may face an appellate court ruling that the reasons were "apparent on the record" and the appeal will be denied as untimely filed. The former situation does not promote judicial economy; the latter does not promote justice to the litigants.

[6] ORCP 47 G. was redesignated in 1982 by the Council on Court Procedures. The same section is currently ORCP 47 H. which provides:

"In any action involving multiple parties or multiple claims, a summary judgment which is not entered in compliance with Rule 67 B. shall not constitute a final judgment."

18.125(1) was not ambiguous and that no appellate jurisdiction obtains unless the trial court makes the specific determination that a judgment which adjudicates less than the entire case justifies a separate appeal prior to the adjudication of the balance of the proceedings.

All that is required under ORCP 67 B. to obtain an appealable judgment rather than an intermediate order is for the trial court to take two separate steps. The trial court must make "an express determination that there is no just reason for delay" and it must make "an express direction for the entry of judgment." Before directing entry of judgment, the trial court must reach two conclusions: (1) that the case includes either multiple claims, multiple parties or both, and (2) that either one or more, but fewer than all, claims have been decided, or that all the rights and liabilities of at least one party have been completely adjudicated.

■■ If the trial court's direction for entry of judgment is in error, *i.e.,* if the order in a multiple claim or party action does not fully adjudicate a claim or all the interests of at least one party, then an appellate court should remand the case to the trial court with instructions to vacate the judgment, leaving in place the intermediate order that reflects the disposition of the prevailing party's motion. This order cannot be appealed until judgment is subsequently entered adjudicating the entire case.[7] ORCP 67 B. does not grant the trial court power to make orders appealable that are truly intermediate, merely by designating them as judgments. In other words, this rule gives no discretion to the trial court to treat as final that which is only a partial adjudication of the interests of a party or an adjudication of fewer than all the grounds alleged in support of a single claim. ORCP 67 B. was adopted in response to Oregon's liberalized joinder statutes which allow the liberal joinder of parties and claims.[8] The purpose of the rule is to

---

[7] For example, an appellate court should remand to the trial court with instructions to vacate the judgment and enter the appropriate intermediate order if the trial court's judgment disposed only of an affirmative defense, rather than a claim for relief, or when all the acts alleged were so intertwined as to properly constitute one rather than multiple claims.

[8] ORS 18.125(1), the predecessor statute of ORCP 67 B., was drawn from FRCP 54(b). The legislative history of ORS 18.125(1) indicates that it was proposed by the Oregon State Bar to meet three perceived needs. With the broadening of Oregon's joinder statutes allowing liberal joinder of parties and claims, it was recognized that early appeals could avoid the possible injustice of delay to some litigants. According to comments by William C. Martin, Secretary of the Procedure and Practice Committee

make an immediate appeal available on a distinctly separate claim or as to fewer than all the parties, when it is necessary to avoid injustice. The rule is not intended to abandon the long-standing policy against piecemeal appeals.

In contrast to the trial court's direction for entry of judgment, which is reviewable as explained above, the trial court's express determination that there is "no just reason for delay" cannot be reviewed on direct appeal. We hold that ORCP 67 B. authorizes the trial court to decide *when* each adjudication of one or more of, but less than all, the claims or parties, in an action involving multiple claims or parties, is ready for appeal. The decision[9] is vested in the trial court because it is the court more likely to be familiar with the case and with the presence or absence of any justifiable reasons for delay.

The essential inquiry for the trial court under ORCP 67 B. is whether, after balancing the competing interests, an early judgment would avoid injustice to the parties and advance the interests of sound judicial administration.[10] We caution that a request for such a determination should be granted by the trial court only after careful consideration of the factors discussed below and not entered routinely or as a courtesy to counsel. Whether it will be granted depends upon the circumstances of each case.

In construing ORCP 67 B., we note that federal caselaw has not developed a precise test for determining when there is no just reason to delay the entry of judgment under the

of the Oregon State Bar, ORS 18.125(1) was intended to promote justice to a party who had a summary judgment entered against him or her. Under former law, the prevailing party could execute on that judgment and the party against whom the judgment was entered could not even stay the proceedings pending appeal because a supersedeas bond could only be filed after an appeal and an appeal could only be taken after entry of final judgment. A second purpose was to provide certainty for litigants so that they would know exactly when the time began to run on their appeal. A third justification offered was judicial efficiency because immediate appeals would allow early disposal of claims in multiple party and multiple claim proceedings. One legislator stated that HB 2252, which became ORS 18.125(1), might increase the burden on appellate courts, while acknowledging that in some situations it would reduce the number of appeals. Minutes, House Committee on Judiciary 1-3 (Feb 4, 1977).

[9] In the federal system, such decision frequently is referred to as a determination to release the trial court's decision for appellate consideration. 10 Wright, Miller & Kane, Federal Practice & Procedure: Civil 2d § 2659.

[10] *See* n 8, *supra.*

identical federal rule.[11] *See* 10 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2659 and the cases cited therein. We, too, decline to enunciate a precise test, but the following factors, whenever relevant, should be considered: any prejudice, hardship or injustice caused to a party by postponing the appeal until complete adjudication of the other claims or interests of other parties; any prejudice caused to a party by postponing trial on the other claims or interests of other parties while the appeal is pending; the likelihood that an early appeal would avoid the need for further litigation or simplify the trial; the relationship between the adjudicated and unadjudicated claims; the possibility that the need for review will be mooted by further proceedings in the trial court; the possibility that the reviewing court might be obliged to consider the same issue a second time when another appeal is brought as to the remaining claims or parties; the presence or absence of a claim or counterclaim which could result in a set-off against the judgment; any other relevant factors which would promote the policies of the rule.

ORCP 67 B. contains no express requirement that the trial court include a statement explaining its reasons for making the determination that there is "no just reason for delay." Because we hold that this decision is not reviewable on direct appeal, we also hold that a statement of reasons for the trial court's determination that there is no just reason to delay the entry of judgment is not required and we disapprove that portion of those Court of Appeals cases which so held.

Reversed and remanded to the Court of Appeals.

---

[11] ORCP 67 B. is identical to FRCP 54(b).