Argued and submitted April 6, appeal dismissed September 5, 1984

KIMBLER,
*Appellant,*

*v.*

STILLWELL, aka Bray,
*Defendant,*
G. I. JOE'S,
*Respondent.*

(A8208-05113; CA A28297)

686 P2d 1071

Richard E. Fowlks, Portland, argued the cause for appellant. With him on the briefs was Deanna L. Cereghino-Fowlks, Portland.

Jeffrey A. Johnson, Portland, argued the cause for respondent. With him on the brief were Frank H. Lagesen, and Cosgrave, Kester, Crowe, Gidley & Lagesen, Portland.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

PER CURIAM

**PER CURIAM**

Plaintiff appeals the dismissal of her amended complaint for wrongful death. Defendant contends that the judgment of dismissal is not appealable because it does not comply with ORCP 67 B.[1] The judgment recites in part that:

"* * * [T]he court having found there is no just reason for delay of entry of a final judgment since defendant G. I. Joe's has pled no claim, counter-claim or set-off against plaintiff, and there is no possibility that the review of this judgment will be mooted by further development in plaintiff's claim against John Vernon Stillwell, the other defendant * * *."

The judgment then provides:

"IT IS HEREBY ORDERED AND ADJUDGED that the portion of plaintiff's complaint requesting relief against defendant, G. I. Joe's, Inc., be and hereby is dismissed and that plaintiff shall not be allowed to plead further."

*May v. Josephine Memorial Hospital,* 297 Or 525, 686 P2d 1015 (1984), holds that ORCP 67 B does not require the trial court to state the reasons why there is "no just reason for delay." However, under the rule, the trial court "must make 'an express direction for the entry of judgment.' " *May v. Josephine Memorial Hospital, supra,* 297 Or at 530. The judgment appealed from does not expressly direct entry of judgment.

Appeal dismissed.

---

[1] ORCP 67 B provides:

"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however, designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the ation as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."