On appellants' reconsideration filed August 20, 1984, of order of dismissal filed July 13, 1984, reconsideration allowed, appeal reinstated; remanded with instructions to vacate summary judgment January 16, 1985

CHELSON et al,
*Appellants,*

*v.*

The OREGONIAN PUBLISHING COMPANY et al,
*Respondents.*

(A8207-04628; CA A27883 (control))

HOWELL et al,
*Appellants,*

*v.*

The OREGONIAN PUBLISHING COMPANY et al,
*Respondents.*

(A8205-03304; CA A27884)

694 P2d 981

Leslie M. Roberts, Rex Armstrong, Timothy H. Fine, Henry A. Carey, P.C., and Kell, Alterman & Runstein, Portland, for the petition.

George L. Wagner and Spears, Lubersky, Campbell, Bledsoe, Anderson & Young, Portland, contra.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

WARDEN, J.

**WARDEN, J.**

Plaintiffs have petitioned for review of the order of this court dismissing their appeal from an ORCP 67B judgment in their consolidated cases. We consider the petition as one for reconsideration, ORAP 10.10, grant the petition, reinstate the appeal and remand.

Plaintiffs' second amended complaint contains 12 "claims," stating separate legal theories, and a single prayer for relief. Defendants' motion for summary judgment was allowed as to all but the eighth "claim," which alleged:

"XLV.

"Plaintiffs reallege paragraphs I through XIII and XVII through XXIV, inclusive, of this complaint."

Paragraphs I through XIII were contained in the first claim; paragraphs XVII through XXIV were in the second.

Plaintiffs argue that *May v. Josephine Memorial Hospital,* 297 Or 525, 686 P2d 1015 (1984), decided after our order dismissing the appeal, requires its reversal, because the order granting summary judgment contained a finding that there was "no just reason for delay in entry of final judgment" and directed its entry, which is all that *May* says ORCP 67B requires. That, however, is not all that *May* says. If it were, there would be virtually no basis for appeals from summary judgments.

In *May* the Supreme Court went on:

"If the trial court's direction for entry of judgment is in error, *i.e.,* if the order in a multiple claim or party action does not fully adjudicate a claim or all the interests of at least one party, then an appellate court should remand the case to the trial court with instructions to vacate the judgment, leaving in place the intermediate order that reflects the disposition of the prevailing party's motion. This order cannot be appealed until judgment is subsequently entered adjudicating the entire case.[7] ORCP 67 B. does not grant the trial court power to make orders appealable that are truly intermediate, merely by designating them as judgment. In other words, this rule gives no discretion to the trial court to treat as final that which is only a partial adjudication of the interests of a party or an adjudication of fewer than all the grounds alleged in support of a single claim.

"7   For example, an appellate court should remand to the trial court with instructions to vacate the judgment and enter the appropriate intermediate order if the trial court's judgment disposed only of an affirmative defense, rather than a claim for relief, or when all the acts alleged were so intertwined as to properly constitute one rather than multiple claims." 297 Or at 530.

The second amended complaint clearly contains only a single claim for relief (stated in the prayer) on a number of different legal theories, and the acts alleged are "so intertwined as to properly constitute one rather than multiple claims." The order granting summary judgment did not fully adjudicate plaintiffs' claim or all the interests of any party to the action and, therefore, we must remand the case to the trial court with instructions to vacate the judgment, leaving the order allowing the motion in place. *May v. Josephine Memorial Hospital, supra.*

Petition for reconsideration allowed; appeal reinstated; and remanded with instructions to vacate the summary judgment.