Argued and submitted July 3, affirmed November 20, 1985

BRILES WING AND HELICOPTERS, INC.,
*Appellant,*

*v.*

MARSH & McLENNAN, INC. et al,
*Respondents.*

(A8306-03690; CA A34095)

709 P2d 746

Robert L. Burns, Judge Pro Tempore.

Robert J. Ericsson, Portland, argued the cause for appellant. With him on the briefs was Martin, Bischoff, Templeton, Biggs & Ericsson, Portland.

Garr M. King, and Kennedy, King & Zimmer, Portland, waived appearance for respondent Marsh & McLennan, Inc.

Stuart M. Brown, Portland, argued the cause and filed the brief for respondent Northwest Acceptance Corporation.

Gregory A. Chaimov, Portland, waived appearance for respondent U.S. Bancorp Industrial Finance, Inc.

Before Richardson, Presiding Judge, and Warden and Warren, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiff leased an engine to Pacific Helicopters, Inc., for use in a twin-engine helicopter. Northwest Acceptance Corporation and U.S. Bancorp Industrial Finance, Inc. (U.S. Bancorp) held security interests in the helicopter that pre-dated the lease of the engine, and those defendants were named as loss payees under Pacific's existing policy insuring the craft. Pacific agreed that it would obtain additional insurance payable to plaintiff for the replacement value of the engine. Due at least in part to the alleged negligence of defendant Marsh & McLennan, Pacific's insurance broker, Pacific failed to procure the promised coverage for plaintiff. However, Marsh & McLennan mistakenly advised plaintiff that it was covered. The helicopter crashed and plaintiff's engine, along with the rest of the craft, was destroyed. Pacific's insurer paid the limits of its policy. A portion of the proceeds which, with certain adjustments, equalled the value of the engine was placed in trust and is claimed by plaintiff and by the two secured parties.

Plaintiff brought this action seeking a decree "that the proceeds held in trust * * * belong to plaintiff free of any and all claims of defendants." Plaintiff also seeks roughly equivalent damages from Marsh & McLennan. Although plaintiff alleged that Pacific breached its contract to obtain the insurance, plaintiff does not seek damages from Pacific. Northwest and U.S. Bancorp filed counterclaims for the insurance proceeds in the trust. Those parties and plaintiff then moved separately for partial summary judgments. Plaintiff's motion sought judgment on its claim for the insurance proceeds; Northwest sought judgment in its favor on its counterclaim for the proceeds *and* on plaintiff's claim for the proceeds; U.S. Bancorp's motion was addressed only to plaintiff's claim for the proceeds. The trial court granted the two defendants' motions and denied plaintiff's. It then entered a judgment, which provides in operative part:

"1.   That the Motion for Summary Judgment of plaintiff is denied and that the Motions for Summary Judgment of Northwest and U.S. Bancorp are granted.

"2.   That Northwest and U.S. Bancorp have judgment against plaintiff on the claims against them contained in plaintiff's Second Amended Complaint and that plaintiff take nothing from Northwest or U.S. Bancorp.

"3.   Although this judgment does not dispose of plaintiff's claim against defendant Marsh & McLennan, Inc., final judgment is hereby entered as to plaintiff's claims against Northwest and U.S. Bancorp. Pursuant to ORCP 67B, this court expressly determines that there is no just reason for delay and directs the entry of judgment as to plaintiff's claims against Northwest and U.S. Bancorp."[1]

Plaintiff assigns error to the trial court's rulings on the summary judgment motions. It argues:

"* * * By the terms of the lease between [plaintiff] Briles and Pacific, Pacific agreed to procure insurance on the engine with proceeds payable to Briles. It represented that it had done so. Pacific effectively assigned its right to the insurance proceeds to Briles, which has an equitable lien on those proceeds. Therefore, Briles is entitled to the insurance money to the extent of the value of its engine * * *."

Plaintiff cites no Oregon authority to support that proposition. In *Alexander v. Security-First Nat. Bank*, 7 Cal 2d 718, 62 P2d 735 (1936), one of the out-of-state cases on which plaintiff relies, the court said:

"But if there is an agreement for insurance between parties standing in these relationships, and the party obligated, in violation of his agreement, procures insurance payable to himself alone, the other party for whose benefit the agreement was made has an equitable lien on the proceeds of such insurance. * * *" 7 Cal 2d at 724.

We need not decide whether that rule should be adopted in Oregon, *but see Trans. Equip. Rentals v. Ore. Auto. Ins.*, 257 Or 288, 300-01, 478 P2d 620 (1970), because the facts here do not come within the rule. The proceeds plaintiff claims are from insurance that was in effect before plaintiff

---

[1] It is self-evident that there are numerous issues in the case besides plaintiff's claim against Marsh & McLennan that the judgment does not *decide*. The mere recitation in the first paragraph of the judgment that the summary judgment motions were allowed or denied adjudicates nothing. The second paragraph is the only decisional part of the judgment, and it pertains only to plaintiff's claims against Northwest and U.S. Bancorp. The judgment resolves only one of the two issues raised by Northwest's motion, if we correctly understand that motion to have been aimed at securing Northwest's recovery of the insurance proceeds as well as denying plaintiff's claim to them. It seems reasonably clear since *May v. Josephine Memorial Hospital*, 297 Or 525, 686 P2d 1015 (1984), that this court cannot question the jurisdictional effectiveness of a trial court's certification of finality pursuant to ORCP 67B if, as here, the judgment does decide *an* issue. Our review is necessarily limited to issues that have been decided by the trial courts.

leased the engine to Pacific and before Pacific agreed to obtain insurance for plaintiff. We understand the principle expressed in *Alexander* to apply to a very different kind of situation, *e.g.,* one that would be present if, after promising to insure the engine in plaintiff's name, Pacific had obtained coverage payable only to itself.

When all is said and done, plaintiff's theory is that Pacific's or Marsh & McLennan's failure to procure the promised insurance for plaintiff gives plaintiff a right to recover proceeds paid under a preexisting policy that fortuitously covers the loss but that unfortuitously does not cover plaintiff. The theory would not be compelling under any circumstances, and we decline to adopt it here where there are far more orthodox and viable theories of recovery that plaintiff is pursuing or could have pursued.[2]

Affirmed.[3]

---

[2] Plaintiff and Northwest disagree about whether Northwest's and U.S. Bancorp's security interests extend to the after-acquired engine and, if not, whether Northwest and U.S. Bancorp are entitled to any insurance proceeds attributable to the loss of the engine. Given the basis for our decision, we do not decide that question; and given the issues that are before us for review, *see* note 1, *supra,* we emphasize strongly that we have not decided that question.

[3] Northwest asks that a penalty be assessed against plaintiff pursuant to ORS 19.160. There is no basis for such an assessment.