In re George I. **JODOIN**, Debtor.

Jeffrey A. **SCHREIBER**, Chapter
7 Trustee, Plaintiff,

v.

Ronald J. **CEREOLA**, As Custodian, Gail
Coutinho, Patrick Houghton, and PPH
Corporation, Defendants.

Bankruptcy No. 94–11803–JE.
Adv. No. 94–1135–JEY.

United States Bankruptcy Court,
D. New Hampshire.

June 9, 1995.

Order Denying Reconsideration in Part
and Granting Reconsideration in Part
June 28, 1995.

---

**100**

■■■

Randall L. Pratt, Schreiber and Associates, Danvers, MA, for plaintiff.

Richard D. Craven, Nashua, NH, Edward Clancy, Dover, NH, for defendants.

### ORDER

JAMES E. YACOS, Chief Judge.

This matter came before the Court on June 6, 1995 on a Motion to Dismiss filed by Patrick Houghton and PPH Corporation and the trustee's objection thereto as well as a Motion for Summary Judgement filed by the trustee and the defendant's objection thereto. This is an action brought pursuant to New Hampshire state fraudulent transfer law made applicable under § 544(b) of the Bankruptcy Code.

**Motion to Dismiss**

At the onset of the hearing the Court denied the motion to dismiss based on the record and the memos filed and without further oral argument. The statute of limitations for the cause of action asserted, which is dictated by New Hampshire law, is four years after the transfer was made or obligation was incurred. N.H.Rev.St.Ann. § 545–A:9. The assignment which the trustee is seeking to avoid occurred on September 23, 1992. This case was filed on November 11, 1994 which is undeniably within the limitations period. For these reasons the motion to dismiss is denied.

**Motion for Summary Judgment**

■■ A summary judgment motion should be granted only when "the pleadings, deposition, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled judgment as a matter of law." A "material" fact is one which has "the potential to affect the outcome of the suit under applicable law." *F.D.I.C. v.*

*Anchor Properties,* 13 F.3d 27, 30 (1st Cir. 1994) (*quoting Nereida–Gonzalez v. Tirado– Delgado,* 990 F.2d 701, 702 (1st Cir.1993)). When deciding a motion for summary judgment, the Court must read the record in the light most favorable to the nonmoving party making all reasonable inferences in that party's favor. *Levy v. F.D.I.C.,* 7 F.3d 1054, 1056 (1st Cir.1993).

■■ Once the movant establishes the absence of evidence as to an essential factual element upon which the nonmovant would bear the burden of proof at trial, the nonmovant must respond with specific facts demonstrating a genuine issue for trial. *In re Menna,* 16 F.3d 7, 8 (1st Cir.1994). A "genuine issue" exists when the evidence is such that the finder of fact may reasonably resolve the point in favor of the nonmoving party. *NASCO, Inc. v. Pub. Storage, Inc.,* 29 F.3d 28, 31 (1st Cir.1994). Once the movant avers an absence of evidence to support the nonmoving party's case, the nonmoving party may not rest on the averments and denials of its pleadings but "must establish the existence of at least one fact issue that is both 'genuine' and 'material.'" *Local No. 48, United Broth. of Carpenters and Joiners of Am. v. United Broth. of Carpenters and Joiners of Am.,* 920 F.2d 1047, 1050 (1st Cir.1990); see also *In re Ralar Distrib., Inc.,* 4 F.3d 62, 67 (1st Cir.1993).

The undisputed facts follow. On September 21, 1992, the debtor, George Jodoin signed a purchase and sale agreement for property located on Hayward Street in Manchester, New Hampshire *in the name of a corporation to be formed* named Hayward Street Realty Corporation. (Plaintiff Exhibit 1). On September 23, 1992, George Jodoin assigned *his rights* in the deposit receipt for the Hayward Street property to defendant Patrick Houghton "for consideration paid"[1]. The defendant contends that the "consideration paid" was forgiveness of a $7,500 antecedent debt although there is no documentary proof of this assertion.

---

1. Specifically, the assignment, which was signed and dated by Jodoin, stated as follows:

"*For consideration paid,* I, George Jodoin, assign *my rights* of sales agreement and deposit receipt dated September 21, 1992 regarding

property located at 177–83 Hayward Street, Manchester, NH to Pat Houghton"

See Exhibit C of Plaintiff's Motion for Summary Judgment (Adv.Doc. No. 19) (emphasis added).

On October 9, 1992, the Hayward Street Realty Corporation received its Certificate of Incorporation from the Secretary of State and the corporation came into existence. George Jodoin and Harvey Dupreis were named 50% stock holders in the corporation. On November 25, 1992, a Quitclaim Deed was issued to the Hayward Street Realty Corporation for the Hayward Street property. (Plaintiff Exhibit 2).

Meanwhile, on January 19, 1993, Gail Coutinho, another creditor of George Jodoin filed a petition for an ex-parte, pre-judgment attachment on the real estate and bank accounts of George Jodoin for an antecedent debt. See Motion for Summary Judgment, Exhibit F (Adv.Doc. No. 19). On April 22, 1993, judgment was entered in favor of Gail Coutinho in the amount of $33,700 plus interest and costs. See Motion for Summary Judgment, Exhibit G (Adv.Doc. No. 19). On August 23, 1993, the Hillsborough County sheriff executed the writ of attachment upon Jodoin's stock certificate representing his 50% interest in the Hayward Realty Corporation.

The defendants Houghton and PPH Corporation never openly asserted their purported ownership interest in the corporate stock of Haywood Street Realty Corporation to any third party until after Coutinho had received judgment on her claim against Jodoin and was pursuing attachment of the corporate stock. See letter of August 15, 1993, Motion for Summary Judgment, Exhibit L (Adv.Doc. No. 19).

On September 1, 1993 the Hayward Street property was sold with a profit of approximately $72,000. The parties, by then aware of the looming lawsuit between Patrick Houghton and Gail Coutinho over the ownership rights to George Jodoin's portion of the proceeds of the sale, agreed to place Jodoin's 50% share of the proceeds of the sale in the custody of Attorney Ronald Cereola, pending resolution of the dispute. A civil action was then filed in Hillsborough County Superior Court to determine the rights of the parties. George Jodoin is a named defendant in that action which was stayed when he filed a petition for bankruptcy protection on July 27, 1994.

On November 9, 1994, the trustee filed the present action to avoid the fraudulent transfer of assets of the estate to Patrick Houghton by virtue of the September 23, 1993 assignment and to avoid the fraudulent transfer of assets of the estate to Gail Coutinho by virtue of the August 23, 1993 sheriff levy on the shares of the corporation. On March 30, 1995, the Court approved a settlement of the claims against Gail Coutinho. (Adv.Doc. No. 9). The motion for summary judgement deals exclusively with the action against Patrick Houghton.

The trustee is seeking to set aside the assignment to Patrick Houghton pursuant to New Hampshire state fraudulent transfer law. Under New Hampshire law, a fraudulent transfer occurs if either (a) the transfer is made with actual intent to hinder, delay, or defraud any creditor of the debtor[2]; or (b) the transfer is made without receiving reasonably equivalent value and the debtor either was engaged in a business or transaction which would leave the debtor with unreasonably small capital or the debtor believed or reasonably should believe he would incur debts beyond his ability to pay as they became due. N.H.Rev.St.Ann. § 545–A:4I.

The Court however, need not get too far into the analysis of whether or not this was a *fraudulent* transfer, because it finds as an initial matter the assignment was not in fact an effective transfer of any assets of this

---

2. The indicia of an actual intent to defraud include whether (a) the transfer was made to an insider; (b) the debtor retained control of the property after the transfer; (c) the transfer was disclosed or concealed; (d) the debtor had been threatened with a lawsuit before the transfer occurred; (e) the transfer was for substantially all of the debtor's assets; (f) the debtor absconded; (g) the debtor concealed assets; (h) the debtor received reasonably equivalent value for the exchange; (i) the debtor was insolvent or shortly became insolvent after transfer made; (j) the transfer occurred shortly before or after a substantial debt was incurred; and (k) the debtor transferred the essential assets of the business to a lienor who in turn transferred the assets to an insider. N.H.Rev.St.Ann. § 545–A:5II. Because this matter can be resolved on other legal grounds based on undisputed facts in the record, the Court specifically does not need to reach the factual determination of the defendants' actual intent to defraud.

debtor. On September 23, 1992, George Jodoin assigned *his* rights in the Haywood Street property[3]. However, at the time the assignment was made, George Jodoin had *no* rights in the Haywood Street property.

The Haywood Street property was purchased in a name of a corporation *to be formed* in which Jodoin was to be a shareholder. Notably, at the time the assignment was made, the corporation had not received its Certificate of Incorporation thus George Jodoin did not yet have any "rights" in the property to assign. Not until the corporation formed and Jodoin was a named shareholder did he acquire "rights" in the Haywood Street property. Thus, on September 23, 1992, Patrick Houghton received all the rights held by George Jodoin by virtue of the sales agreement and deposit receipt dated September 21, 1992 which were exactly none. Because no transfer of the debtor's interest occurred, the motion for summary judgment must be granted.

For the purpose of judicial efficiency, the Court will rule in the alternative that even if Jodoin in fact had an interest in the property to assign on September 23, 1992, the exchange was not for reasonably equivalent value. The maximum amount of consideration that may have been paid in exchange for the assignment would be the $7,500 forbearance of a prior debt[4]. The debtor's share of the profits from the sale of the Haywood Street property on September 1, 1993, one year after the assignment was made, was approximately $37,000, almost five times the value of the alleged consideration paid.

By way of explanation, the defendant contends that on the date of the assignment, the parties were unaware of the value of Jodoin's interest in the property and the transaction was riskier than it now seems with the benefit of time. However, the defendant has offered no evidence of a significant change in the real estate market that would demonstrate that $7,500 was reasonable consideration in light of the current market conditions and circumstances at the time of the assignment. Failing this, the Court finds the assignment was not for reasonably equivalent value.

For the foregoing reasons it is ORDERED, ADJUDGED and DECREED as follows:

1. The motion to dismiss is hereby denied.

2. The motion for summary judgment is hereby granted on the basis that the exchange was not for reasonably equivalent value and the debtor was insolvent at the time of the transfer.

3. The trial scheduled for June 19, 1995 is hereby canceled.

DONE and ORDERED.

### ORDER ON MOTION FOR RECONSIDERATION

The above-captioned adversary proceeding came before the court on a Motion for Reconsideration of this court's order of June 9, 1995 granting summary judgment in favor of the plaintiff filed by Patrick Houghton and PPH Corporation (Court Doc. No. 29). A Final Judgment based on that Order was entered on June 9, 1995 (Court Doc. No. 27). All parties present having been heard, the court hereby orders as follows:

1. The Motion for Reconsideration, to the extent that it requests a reconsideration and a vacating of this court's basic ruling on June 9, 1995 (Court Doc. No. 26) that there was no effective assignment of the stock certificates in question, is denied and that judgment will stand. That by itself supports the judgment entered in favor of the plaintiff and is so ordered and reaffirmed from the original order.

2. The Motion for Reconsideration, to the extent that it attacks the alternative basis for ruling that this court entered, is granted. That alternative basis for the ruling raises genuine issues of material facts relating to a question of insolvency at the time of the

---

3. See footnote 1, *supra*.

4. For the purposes of this motion, the Court will assume that the defendant's contention that consideration was paid in the forgiveness of a $7,500

antecedent debt. However, the Court notes that there is no documentation in this record that any consideration was paid in exchange for the transfer.

transfer as well as a question of reasonably equivalent value. In addition there are disputed material questions as to whether there was consideration given and, if so, in what amount, which would relate to both the question of unreasonable value equivalency as well as the question of any credit that the defendants would have if the transaction is not enforceable. Accordingly, the alternative basis for ruling is deleted and the order of this court and the judgment of this court will stand on the first ruling alone.

3. The first ruling, hereby reaffirmed, is based on the conclusion that there was no effective assignment of any stock interest in the corporation by the document in question for the various reasons indicated in my original ruling and in the questions I put to the movant during the oral argument on the Motion for Reconsideration. The defendants never acted to get issuance of the corporate stock; they never sought or obtained possession of the stock after issuance; they never notified the Secretary of State of their claimed stockholder interest in the corporation; and they allowed the debtor to use the property and whatever stock interest he had without protest. Moreover, the debtor simply had nothing to assign in terms of stock interest at the time that he issued the scribbled notation on the piece of paper in question. In my judgment that does not constitute an assignment of a stock interest in the corporation. I believe that the record establishes there never was any firm agreement during any relevant time by the parties controlling the corporate entity as to what percentage of stock the debtor would be entitled to in the corporation until the sale occurred and the dispute with the attaching creditor resulted in the placing of the subject monies in escrow under which that party voluntarily released any claim to anything more than 50 percent of the sales proceeds after deducting the monies he himself had advanced. All of this in my judgment does not amount to an effective and legal assignment of a stock interest in a corporation.

DONE and ORDERED.