Dianna M. ERRINGTON and Charles E. Errington, Appellants (Plaintiffs),

v.

Leonel ZOLESSI, M.D., Appellee (Defendant).

No. 99–67.

Supreme Court of Wyoming.

July 25, 2000.

Representing Appellants: Walter Urbigkit of Frontier Law Center, Cheyenne, Wyoming.

Representing Appellee: Jeffrey C. Brinkerhoff and Hampton K. O'Neill of Brown, Drew & Massey, Casper, Wyoming.

Before LEHMAN, C.J., and THOMAS, MACY,* GOLDEN, and HILL, JJ.

THOMAS, Justice.

Dianna and Charles Errington (the Erringtons) appeal to this Court, seeking the reversal of a partial summary judgment, on the issue of punitive damages, entered in favor of Dr. Leonel Zolessi (Zolessi). The Erringtons seek to recover damages, including punitive damages, for medical malpractice. The district court granted Zolessi a partial summary judgment, ruling that punitive damages were not available. We hold that our rules of civil procedure do not authorize partial summary judgment on an issue, and the district court was without authority to enter a final and appealable judgment. We consider the merits of the case, however, by treating the Erringtons' appeal as a petition for a writ of review. We conclude that genuine issues of material fact are present, and we reverse and remand this case for determination of those issues by the district court.

This statement of the issues is contained in the Erringtons' Brief of Appellants:

1. Whether Trial Court summary judgment denial of jury issue for claim of punitive damages was in error as involving action of the surgeon who deliberately misinformed his patient, Dianna Errington, Appellants as well as her family, after the

* Retired June 2, 2000.

surgery about a surgery created serious bladder vaginal injury complication and also misinformed a home health care service about the condition of the patient's actual health, which agency was employed to medically assist the post-surgery seriously ill Mrs. Errington.

2. Whether expert witness testimony is required or appropriate to express an opinion that conduct of a physician in lying to a patient does or does not meet the legal criteria for the assessment of punitive damages where the issue of medical negligence is not at issue or involved in the opinion requested.

3. Whether the Trial Court erred in striking the witness affidavit as filed to oppose summary judgment even though the affidavit was entirely consistent with the deposition testimony except contendably as to a requested opinion on a principle of law or providing a state of mind hypotheses.

The Appellee's Brief, filed on behalf of Zolessi, sets forth the issues in this way:

1. Whether the trial court properly granted defendant's motion for partial summary judgment on plaintiffs' punitive damages claim, because plaintiffs failed to present admissible evidence of willful and wanton misconduct?

2. Whether, under these particular facts, expert medical testimony was required to prove willful and wanton misconduct, including the required causal link between the alleged misconduct and damages?

3. Whether the trial court properly excluded the affidavit of plaintiffs' expert, Dr. Oliphant, as a sham affidavit because it contradicted his earlier deposition testimony?

On October 20, 1992, Zolessi performed a laparoscopically assisted vaginal hysterectomy on Dianna Errington. The operation required the surgical separation of the cervix from the bladder. During this phase of the procedure, Zolessi caused a small tear or nick in Dianna Errington's bladder, which he repaired with sutures. He then installed a catheter in her bladder, and left it in place to drain the bladder while the tear healed. Upon her recovery from the anesthesia, Zolessi informed Dianna Errington of the tear and repair.

The tear, however, did not heal fully, and a fistula [1] developed that allowed urine to seep out. On October 30, 1992, Zolessi ordered a cystogram, or X-ray, of the bladder, which revealed the possibility of a fistula. After seeing the results of the cystogram, Zolessi informed Dianna Errington that she was healing slowly, but normally. Because she was in severe pain, a second cystogram was conducted on November 4, 1992, which confirmed the possibility of a fistula. Zolessi advised Dianna Errington again that she was healing normally, but might need to consult a specialist if the tear did not fully heal. A urologist examined Dianna Errington on November 8, 1992, and a third test confirmed the presence of a fistula along with a second rupture of the bladder. At the urologist's recommendation, Dianna Errington underwent corrective surgery on November 20, 1992. That surgery corrected the fistula and the other rupture, but the Erringtons contend that Dianna Errington's health has never fully recovered.

The Erringtons filed suit against Zolessi on August 1, 1994. Their complaint sounded in negligence and medical malpractice, and the Erringtons sought to recover both compensatory and punitive damages. After extensive discovery, Zolessi filed a Motion for Partial Summary Judgment on the Issue of Punitive Damages on October 27, 1998. In a flurry of motion practice following the filing of that motion, each side sought to strike evidence relied on by the other. The district court held a motion hearing on January 15, 1999. An Order Granting Partial Summary Judgment Concerning Punitive Damages and Order Granting and Denying Motions to Strike and Motions in Limine was entered by the district court on February 16, 1999, in which the district court ruled:

---

1. A fistula is "an abnormal passage leading from an abscess or hollow organ to the body surface or from one hollow organ to another and permitting the passage of fluids or secretions." Merriam–Webster's Ninth New Collegiate Dictionary 467 (1986).

1. Defendant Zolessi's Motion for Partial Summary Judgment on the Issue of Punitive Damages is GRANTED;

2. Defendant Zolessi's Motion to Strike (affidavit of Dr. Oliphant as a sham affidavit) is GRANTED;

\* \* \*

11. Upon verbal motion of plaintiffs made during the hearing and pursuant to Rule 54(b) W.R.C.P. the Court FINDS that NO JUST REASON FOR DELAY EXISTS and hereby DIRECTS ENTRY OF FINAL JUDGMENT ON THE ISSUE OF PUNITIVE DAMAGES in favor of Defendant Zolessi and against plaintiffs and the Court hereby DISMISSES WITH PREJUDICE PLAINTIFFS' CLAIMS FOR PUNITIVE DAMAGES.

The district court, however, denied the Erringtons' motion to strike the deposition testimony of the same witness whose affidavit was stricken. The Erringtons timely filed this appeal.

■ The major issue in this case calls for review of not only the particular grant of a partial summary judgment on the issue of punitive damages, but also the nature and extent of any authority on the part of a district court to grant partial summary judgment on less than an entire claim. Fundamental to our decision is the proposition that a claim for punitive damages is a particular element of a cause of action, and it does not constitute a separate claim or cause of action. *Uema v. Nippon Exp. Hawaii, Inc.*, 26 F.Supp.2d 1241, 1250 (D.Hawai'i 1998) ("[w]ell settled is the notion that punitive damages does not, in and of itself, state a separate cause of action in tort, but is incidental to a separate cause of action."). *See* 22 Am.Jur.2d *Damages* § 741 at 794–95 (1988) and cases cited therein (the rule is summarized, "[a] claim for punitive damages cannot stand as a separate cause of action, since it merely constitutes an element of recovery on the underlying cause of action."). This Court historically has treated the term "claim" as interchangeable with "cause of action." *See, e.g., Kirby v. NMC/Continue Care*, 993 P.2d 951, 954 (Wyo.1999) (used both "claim" and "cause of action" in connection with the elements of a negligence cause of action); *Anderson v. Foothill Industrial Bank*, 674 P.2d 232, 238 (Wyo.1984) (elements of a cause of action for fraud); *Caterpillar Tractor Co. v. Donahue*, 674 P.2d 1276, 1280 (Wyo.1983) (elements of a claim for negligence); *Moxley v. Laramie Builders, Inc.*, 600 P.2d 733, 735 (Wyo.1979) (elements of a cause of action for contract); *Reynolds v. Tice*, 595 P.2d 1318, 1323 (Wyo.1979) (elements of a contract claim and elements of a fraud claim); and *Duke v. Housen*, 589 P.2d 334, 341 (Wyo.), *cert. denied*, 444 U.S. 863, 100 S.Ct. 132, 62 L.Ed.2d 86 (1979) (elements of a cause of action for negligence). Many years ago, we said:

> Inasmuch as the plaintiffs are not entitled to any actual damages, they are not, according to the general rule, entitled to any punitive damages. Sutherland on Damages (4th Ed.) § 406; Sedgwick on Damages (9th Ed.) § 361; 17 C.J. 974.

*Martel v. Hall Oil Co.*, 36 Wyo. 166, 186, 253 P. 862, 867 (1927). The obvious inference is that in Wyoming, punitive damages are an element of a claim or cause of action and are not a separate claim.

Summary judgment in Wyoming is authorized and governed by W.R.C.P. 56. The portions of that rule relevant to this discussion are:

(a) *For claimant.* – A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in the party's favor upon **all or any part thereof**.

(b) *For defending party.* – A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for summary judgment in the party's favor as to **all or any part thereof**.

(c) *Motion and proceedings thereon.*— \* \* \* A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a

genuine issue as to the amount of damages.

(d) *Cause not fully adjudicated on motion.* – If on motion under this rule *judgment is not rendered upon the whole case or for all the relief asked* and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. *It shall thereupon make an order specifying the facts that appear without substantial controversy,* including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly.

(Emphasis added.) Also important to this discussion is W.R.C.P. 54(b):

(b) *Judgment upon multiple claims or involving multiple parties.* – When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the *claims* or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, *any order or other form of decision, however designated,* which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties *shall not terminate the action as to any of the claims* or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

(Emphasis added.)

■ The question here suggests a tension between paragraphs (a) and (b) of W.R.C.P. 56 on the one hand and paragraph (d) on the other. Paragraphs (a) and (b) purport to allow parties to move for summary judgment on "all or any part" of a "claim." Paragraph (d) directs that when "judgment is not rendered on the whole case or for all the relief asked" (i.e., when summary judgment is denied in whole or in part), the district court may "make an order" specifying the facts not in controversy. Paragraph (d) appears to prescribe a very different outcome than paragraphs (a) and (b) appear to permit the parties to seek. W.R.C.P. 56(c), however, demonstrates that a partial summary judgment on less than the entire claim must be specifically authorized. In its last sentence, this paragraph permits an interlocutory summary judgment on liability, leaving the determination of damages to the finder of fact. W.R.C.P. 54(b) speaks to the entry of judgment on entire individual claims. To dissipate any uncertainty, we hold that the district court may not grant a final, appealable summary judgment on part of a claim, other than a determination of liability.

This Court has never squarely addressed the question of a partial summary judgment on an element of a claim or cause of action, but we may have created an assumption that such a judgment could be entered. *Verschoor v. Mountain West Farm Bureau Mut. Ins. Co.,* 907 P.2d 1293, 1301–02 (Wyo.1995). In *Verschoor,* the district court granted summary judgment to the defendant on four theories of recovery, including punitive damages. In that case, however, the language suggests that actually the court was addressing a claim for willful and wanton misrepresentation, which could have included an element of punitive damages. *Id.* at 1301. Similarly, in *Petty–Ray Geophysical, Div. of Geosource, Inc. v. Ludvik,* 718 P.2d 9, 11–12 (Wyo.1986), this Court displayed no aversion to a grant of partial summary judgment for a defendant on the question of punitive damages. That decision is not inconsistent with the reconciliation of the paragraphs of W.R.C.P. 56 that we reach here.

■ W.R.C.P. 56 mirrors the federal rule on summary judgment, F.R.C.P. 56. Federal decisions interpreting F.R.C.P. 56, therefore, are highly persuasive. *Kimbley v. City*

*of Green River,* 642 P.2d 443, 445 (Wyo.1982). Federal authority on partial summary judgment is concentrated at the district court level, and is mixed. In the federal context also, the diversity of opinion arises from a perceived tension between paragraphs (a) and (b), which authorize summary judgment on "all or any part" of a claim, and paragraph (d), which directs the district court to merely "make an order" when a motion for summary judgment is denied in whole or in part.

Some federal courts, relying on the "all or any part" language, have ruled that partial summary judgment is available on any portion of a claim. In *France Stone Co., Inc. v. Charter Tp. Of Monroe,* 790 F.Supp. 707, 708–09 (E.D.Mich.1992), the plaintiff sued for a variance from a zoning ordinance forbidding mining. To obtain the variance, the plaintiff had to show that (1) valuable natural resources were present; and (2) no serious consequences would result from the mining. The plaintiff requested a partial summary judgment declaring that a large deposit of dolomite was a valuable natural resource. The court granted the partial summary judgment over the defendant's protest, stating F.R.C.P. 56(a) "clearly states that a motion for summary judgment may be brought on a claim 'or any part thereof.'" *France Stone Co., Inc.,* 790 F.Supp. at 710. Another federal opinion strongly in support of allowing partial summary judgment on portions of claims is *Blackford v. Action Products Co., Inc.,* 92 F.R.D. 79 (W.D.Mo.1981). An extended quotation from *Blackford* is warranted here:

> The award of summary judgment on a portion of a claim is clearly covered by the words of Rule 56(a). It is a not uncommon occurrence, and has been the practice since early decisions applying the Federal Rules of Civil Procedure. * * * The cases concluding that Rule 56(a) does not allow summary judgment on a portion of a claim have relied on the following excerpt from Rule 56(d):
>
> "If on motion under this rule judgment is not rendered upon the whole case or

for all the relief asked and a trial is necessary, the court ... shall, if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy...."

The duty to sift the issues under Rule 56(d) is in no way inconsistent with the duty to award judgment on "all or part" of a claim under Rule 56(a). A Rule 56(d) order may be issued as part of a summary judgment determination under Rule 56(a), or in cases in which no judgment is warranted, but certain material issues have been decided.

*Blackford,* 92 F.R.D. at 79–80.

Other federal courts have expressed the view that judgment cannot be entered on less than an entire count or claim. *See In re Randy,* 189 B.R. 425, 436 (Bankr.N.D.Ill. 1995). One court has even held that courts cannot use Rule 56(d) to narrow the issues for trial by issuing orders that certain damage elements cannot be asserted or have not been proven. *Oberweis Dairy, Inc. v. Associated Milk Producers, Inc.,* 553 F.Supp. 962, 970–71 (N.D.Ill.1982). Those cases do not resolve the tension with the W.R.C.P. 56(a) and (b) "all or any part" language. However, the definition of "judgment" in W.R.C.P. 54(a)[2] suggests that a motion under W.R.C.P. 56(a) or (b) for a summary judgment on any part of a claim is not a demand for "judgment" at all, and is correctly identified as a submission seeking the relief provided in W.R.C.P. 56(d).

That view is reflected in *In re Grabill Corp.,* 135 B.R. 101, 106 (Bankr.N.D.Ill.1991) (Rule 56(d) provides a method by which a court can narrow issues and facts for trial after denying in whole or in part a motion properly brought under Rule 56). A federal district court in Pennsylvania said: "The Federal Rules of Civil Procedure do not au-

---

**2.** W.R.C.P. 54(a) reads, in relevant part: "[a] judgment is the final determination of the rights of the parties in action."

thorize partial summary judgment for a portion of a single claim. * * * However, Rule 56(d) empowers a district court to withdraw issues from a case where a genuine issue of fact is absent." *Testa v. Janssen*, 492 F.Supp. 198, 204 (W.D.Pa.1980). Another court held that when a defendant admitted liability on part of a debt, a Rule 56(a) judgment was not appropriate, but a Rule 56(d) order was. *Bonda's Veevoederfabriek Provimi, B.V. v. Provimi, Inc.*, 425 F.Supp. 1034, 1036 (E.D.Wis.1976).

We also look for guidance in the decisions of Oregon, a state with the same language in its summary judgment rule. Oregon's courts have reversed entries of summary judgments on individual categories of damages. The rationale adopted is that the partial summary judgment rule does not allow "judgment" at all. Rather, it allows only interlocutory orders that become law in the case, but are not ripe for entry of judgment or appeal until the entire case has been adjudicated. The Oregon courts, asserting a lack of jurisdiction, have refused to hear appeals of partial summary judgments. Instead, they have vacated those judgments and remanded. *McKechnie v. Stanke*, 124 Or.App. 405, 862 P.2d 507, 508 (1993); *Chelson v. Oregonian Pub. Co.*, 71 Or.App. 645, 694 P.2d 981, 982 (1985), *modified*, 85 Or.App. 84, 735 P.2d 659 (1987). The Oregon approach allows district courts to avoid litigation on baseless claims, and saves the appellate courts from piecemeal appeals.

■ We perceive that the correct reading is found in those opinions holding that when summary judgment cannot be granted as to an entire claim, the district court may only issue a W.R.C.P. 56(d) order specifying the facts that are not reasonably in dispute. That order then becomes the law of the case and is changeable, but not appealable, until it is incorporated into a final judgment on the entire case. *See In re General Adjudication of All Rights to Use Water in Big Horn River System*, 803 P.2d 61, 69 (Wyo.1990). That interpretation is true to W.R.C.P. 54(b), which allows entry of final judgment on claims, and to W.R.C.P. 56(d), which prescribes orders rather than judgments when the entire claim is not resolved.

■ Although we hold the district court was without authority to issue a final, appealable summary judgment on the question of punitive damages, we proceed to review the case on its merits. We will treat the case as one in which a petition for a writ of review had been properly sought. Our usual standard of review for summary judgments is applicable. That standard is found in W.R.C.P. 56. *Cities Service Oil and Gas Corp. v. State*, 838 P.2d 146, 150 (Wyo.1992). In accordance with the cited rule, we will affirm a summary judgment if "there is no genuine issue as to any material fact and * * * the moving party is entitled to judgment as a matter of law." W.R.C.P. 56(c). We examine the record from the point of view most favorable to the party opposing the summary judgment, and give that party the benefit of all favorable inferences that we may fairly draw from the record. *Davis v. Wyoming Medical Center, Inc.*, 934 P.2d 1246, 1250 (Wyo.1997).

■ The first issue we address is the district court's decision to strike the affidavit of the Erringtons' expert witness. Zolessi moved to strike the affidavit on the ground that it contradicted the expert's previous deposition testimony. Specifically, Zolessi claimed the expert testified that Zolessi's failure to fully inform the Erringtons after the operation did not amount to a breach of the standard of care; that he had no evidence that Zolessi intended to harm Dianna Errington; and that he had no evidence that Zolessi acted so recklessly and with such wanton and willful misconduct as to approach intent to harm. Zolessi argues the expert changed this opinion in his affidavit in which he said Zolessi's conduct was intentional, willful, and wanton. The district court struck the affidavit as a sham, without explaining its rationale.

The Erringtons argue on appeal that the expert's affidavit was consistent with his deposition, although it used some different terminology. An opinion letter by the expert and a pleading filed by the Erringtons prior to the expert's deposition both said he would testify that Zolessi's treatment of Dianna Errington fell below the standard of care. Several times during his deposition, the ex-

pert testified to that same point. The expert never retracted his written opinions. During the deposition, defense counsel read to the expert extensive definitions of "willful and wanton" and "gross negligence" and asked the expert whether Zolessi's conduct met those definitions. The expert said that he was not familiar with those definitions and was not prepared to answer. The question was not raised again.

The only real disparity between the expert's deposition testimony and his affidavit is the repeated use of the words "willfully," "wrongfully," and "falsely." Because the expert had not indicated that he would testify as to those terms and was not an experienced witness, it was reasonable for him to be unfamiliar with them and reluctant to use them. Further, it may fairly be inferred that because he was unable to answer the question in his deposition, the expert became familiar with the legal terminology in order to address the definitional language in his affidavit. His affidavit is consistent with his opinion letter and his deposition testimony in all material aspects, and we hold the district court erred in striking it.

■ This Court has repeatedly treated the question of whether conduct was willful and wanton as a question of fact. *State Farm Mut. Auto. Ins. Co. v. Shrader*, 882 P.2d 813, 837 (Wyo.1994); *Thunder Hawk By and Through Jensen v. Union Pacific R. Co.*, 844 P.2d 1045, 1051 (Wyo.1992). Once the affidavit of the Erringtons' expert witness is in the record, it is apparent that a material issue of fact exists as to whether Zolessi's conduct was so willful and wanton as to support an award of punitive damages. That being the case, a summary judgment, or even an order under W.R.C.P. 56(d), was not appropriate.

The district court's partial summary judgment is vacated; its order striking the affidavit of the Erringtons' expert witness is reversed; and the case is remanded for further proceedings in accordance with this opinion.